JABEZ B. BAXLEY, plaintiff in error, *vs.* WM. BENNETT, defendant in error.

1. In computing the five days allowed sheriffs and their deputies for serving writs, etc., by the Act of 27th February, 1856, (pamphlet 136,) the return day, or latest day fixed for filing petitions at law, or bills in equity, must be excluded.
2. If the last of the five days thus computed be Sunday it also must be excluded, and service on the Monday thereafter will be good.

Motion to dismiss an action, in Burke Superior Court. Decided by Judge HOLT, at November Term, 1861.

Jabez B. Baxley instituted an action in Burke Superior Court against William Bennett, to recover the amount of an account. The writ was filed in the Clerk's office on the 11th day of October, 1861, and process issued on the same day. A copy of the petition and process was served on the defendant by the deputy sheriff of Burke county, on the 28th day of October, 1861. The term of the Court to which the process was returnable, opened on the 11th day of November, 1861. When the case was sounded in its order on the docket, at the appearance term, the defendant *in propria persona* moved the Court to dismiss said case, on the ground that there was no legal service of process in the case, as Saturday, the 26th day of October, 1861, was the last day on which process returnable to the said November term, 1861, of said Court could be legally and properly served.

After argument had on said motion, the presiding Judge sustained the same and dismissed the action, and that decision is the error complained of before this Court.

JONES and STURGES, for plaintiff in error.

No appearance for defendant in error.

Baxley *vs.* Bennett.

*By the Court*—JENKINS, J., delivering the opinion..

1. The Act of 1856 (pamphlet, 136,) provides that sheriffs and their deputies "shall be allowed, for the purpose of serving all writs or declarations, at common law, or bills in equity, *five days after* the time now fixed by law for filing the same in the Clerk's office." The time therein mentioned, as "fixed by law" for filing, etc., must be taken to be the latest day so fixed or designated. By the judiciary Act of 1799, actions at law are required to be filed in the Clerk's office twenty days before the term of the Court to which they are made returnable. The term to which this action was returned, commenced on the 11th of November, 1861, consequently, the 22d of October was the return day, or the latest day "fixed by law for filing suits at common law," returnable to that term. If this day be counted in the computation of the five days allowed for service, the 26th of October was the last. If it be excluded, the 27th October comes in to complete the five. Which, then, is the proper mode of computation? The whole of the 22d was within the time limited for filing, etc., consequently, if this day be counted as one of the five allowed for service, it results that only *four* days *after* the time fixed for filing remain for service. The adverb of time, "*after*," in this connection applies to all of the five days for service, the first as well as the last, and, *ex vi termini*, separates each and all of them from "*the time fixed*" for filing. We exclude, therefore, the 22d, and thus computing we ascertain that the five days following expired with the 27th.

2. But that was Sunday, and in the case of Turner vs. Thompson *et al.*, 23d Ga. Rep., 49, this Court held, that when the sheriff has five days to serve writs, and the last be Sunday, it is not to be counted. In this case, therefore, we hold that Monday, the 28th of October, was the last day allowed for the service of suits at law to that term. This construction allows the sheriff, for serving, but five days, each of which was *dies juridicus*, after the expiration of the time for filing. It will be observed that the Act of 1856 does not (as

do the Judiciary Act of 1799 and the amendatory Act of 1829,) require that service shall be perfected so many days *before the term* of the Court, but within so many days *after the time fixed for filing*, etc.

Let the judgment be reversed.