## GEORGIA MILLS & ELEVATOR COMPANY *v.* CLARKE.

112  253
Case 2
119  681

1. The rule, that where a vendor of land takes notes for the purchase-money, securing their payment by a reservation of title in himself, and afterwards transfers the same without recourse and without transfer of the reserved title, this operates as a payment of the purchase-money, and the vendee becomes the owner of the land, does not apply when it appears that, while there was a transfer without recourse of the purchase-money notes, there was a contemporaneous agreement that the title should be transferred, and this was subsequently done in accordance with the agreement.   A conveyance by the vendee of the property between the date of the transfer of the notes and the execution of the deed made in pursuance of the agreement would not have the effect of vesting the title to the property in the purchaser from the vendee as against the rights of the transferee under the deed from the vendor to him.

2. The pendency of a suit for the balance of the purchase-money by one claiming to be the transferee of promissory notes given for the purchase-money of land will not prevent such transferee from bringing against a purchaser from the vendee an action of ejectment on the title acquired from the vendor.

3. The evidence authorized the verdict.   The charge, when taken as a whole, fairly submitted the issues to the jury.   There was no error in overruling the demurrer to the petition, nor in the rulings on the admission of evidence ; and the court did not err in refusing to grant a new trial.

Argued November 5, — Decided November 27, 1900.

Complaint for land. Before Judge Reagan. Pike superior court. April term, 1900.

*Hardeman, Davis & Turner, E. A. Stephens,* and *G. S. Jones,* for plaintiff in error. *Estes & Jones,* contra.

Cobb, J. This was an action of ejectment brought by M. A. Clarke against the Georgia Mills and Elevator Company and another. Upon the trial the following facts appeared: On June 23, 1894, D. H. Slocumb and S. M. Howard purchased from A. O. Murphey certain real estate and gave three purchase-money notes, due in 1894, 1895, and 1896, respectively. Whether or not there was any bond for titles given at this time did not clearly appear from the evidence. On June 30, 1894, Murphey transferred, without recourse, the notes due in 1895 and 1896, to M. A. Clarke and Irma Clarke. No deed was made at this time from Murphey to the Clarkes. On October 1, 1894, Slocumb paid to Murphey the note due in 1894, and a bond for titles was on that day made by Murphey to Slocumb, conditioned to make title to Slocumb upon the payment of the sums named in the notes due in 1895 and 1896. On the same day Slocumb, by a quitclaim written on the back of the bond for titles, conveyed to the Georgia Mills and Elevator Company "all [his] right, title, and interest in and to the within-described real estate." On October 4, 1894, Slocumb gave to M. A. Clarke his two notes, one to fall due in 1895 and the other in 1896, for the exact sums named in the notes given by Slocumb and Howard to Murphey, due in the years just mentioned; and the notes given by Slocumb and Howard to Murphey and transferred to the Clarkes were indorsed, "Paid by note, October 4, 1894. M. A. Clarke." On November 12, 1894, Murphey executed to M. A. Clarke his warranty deed to the real estate described in the bond for titles given to Slocumb. The evidence upon many of the material issues in the case was conflicting, but there was evidence from which the jury could find that while the title to the property sold to Slocumb and Howard was in Murphey at the date of the sale, the Clarkes owned a two-thirds interest therein; that the two purchase-money notes were transferred to them for this reason, and they were not purchasers for value; that at the time these notes were transferred it was agreed between Murphey and the Clarkes that a deed was to be made by Murphey to them; that the execution of this deed was delayed by various circumstances; that this agreement was made at the time

of the transfer of the notes to the Clarkes; that when the Slocumb and Howard notes were delivered up and the notes of Slocumb taken in place of the same, it was agreed between Slocumb and the Clarkes that Howard was to be released and Slocumb was to give his individual notes; that these notes were to be purchase-money notes in lieu of those of Slocumb and Howard, which were cancelled, and that the bond for titles given by Murphey to Slocumb was not delivered until the latter's notes were given to Clarke. The bond for titles does not state to whom the notes were payable, but describes them as to amount and date of maturity, and then provides that if Slocumb shall pay the sums of money stated, Murphey agrees to execute to him a title to the property. The jury returned a verdict in favor of the plaintiff for the premises in dispute, and the defendant's motion for a new trial having been overruled, it excepted.

1. It may be now considered as the settled law of this State, that, "Where a vendor of land takes notes for the purchase-money, securing their payment by reservation of title in himself, which notes he afterwards transfers without recourse and without any transfer of the reserved title to a third party, this operates as a payment of the purchase-money, the vendee's equity becomes complete, and the vendor ceases to hold any interest in the land." *Cade* v. *Jenkins,* 88 *Ga.* 793, and cases cited; *Gould* v. *Bank,* 105 *Ga.* 376, and cases cited. It is contended by counsel for the plaintiff in error, that the principle just referred to is controlling in this case; and that when Murphey received actual payment of the first note due by Slocumb and Howard and transferred the remaining notes to the Clarkes without recourse, this operated to divest him of the title and put the same in Howard and Slocumb from that date. It is further contended that even if the transaction just mentioned did not operate to vest the title in both Slocumb and Howard, by reason of the fact that the latter was released from liability on the notes, it certainly operated to put the title in Slocumb, and that when he, by a quitclaim indorsed on the bond, conveyed all his interest in the property to the Georgia Mills and Elevator Company, the latter became the owner of the property as against both Murphey and the Clarkes. If this is true, then at the time that Murphey made the deed to Clarke he had no title to the property as against the Elevator Company, and a verdict in favor of Clarke was unauthorized. On the other hand, it is contended by counsel for the

defendant in error, that a transfer by the vendor of the vendee's purchase-money notes without recourse and without transfer of title does not have the effect of vesting title in the vendee, when the transfer was not for value but was simply a surrender of the notes to the true owner, for whose benefit the vendor held the title to the property sold; and that especially would this be true, when there was an agreement between the vendor and the transferee, at the time that the notes were transferred, that a deed should be made to the transferee, the execution of which was delayed but was subsequently made in pursuance of this agreement. It is not necessary to determine what would have been the status of the title to the property if Murphey had transferred the notes to the Clarkes and there had been no agreement in reference to the title, for the reason that there was positive evidence from which the jury could have found that at the time the notes were transferred there was a distinct agreement between Murphey and the Clarkes that, as a part of the transaction, a deed should be made to the property. In order for the title to have vested in the vendee under the principle sought to be applied in the present case, it was necessary that there should be a complete agreement between the vendor and the third party that the notes should be transferred without recourse. Until this agreement became complete, the vendee could derive no benefit therefrom. As under the evidence the agreement was that there was to be a transfer of the title as well as the notes, and as this agreement was incomplete until the title was transferred, the rights of the vendee are to be determined from the date that the agreement was completed and not from the date that the first act was done towards a complete execution of the same. One claiming to be the owner of land for which he has never paid, because he is entitled to claim the same under a strict rule of law, must bring himself clearly within the letter of the law, or this right will not be accorded to him. According to the rule of law under which it is claimed that Slocumb acquired title to the land in controversy, it was absolutely essential that it should appear that there was a complete agreement between Murphey and the Clarkes that Murphey was to surrender to them without recourse the purchase-money notes and no provision to be made for the transfer of the title to them. The jury were fully authorized to find that this was not the case, as there was evidence that at the time of the transfer it

was distinctly agreed that the title was to be transferred, and that this part of the agreement was afterwards carried into effect by the execution of a deed.    It is true that between the date of the transfer and the execution of the deed an arrangement had been made by which one of the vendees and one of the transferees were eliminated from the transaction and new notes were taken for the amount remaining due, and that a bond for titles was given by Murphey to the vendee who remained bound on the debt, and that such vendee had transferred to the defendant by a quitclaim conveyance all his interest in the realty; but this did not alter the fact that a transfer of the title was to be made to one of the original transferees, the elimination of the other transferee having been made with the consent of Slocumb, and the elimination of Howard having been brought about by the request of Slocumb.    Under this view of the case, the evidence was sufficient to authorize the verdict, and there should not be a reversal of the judgment unless some error of law requiring it was committed.

2.  Complaint is made that the court erred in refusing to admit in evidence the record of a suit brought by Clarke against Slocumb upon notes held by him, in which suit the plaintiff sought to obtain a special judgment against the land in controversy for the amount due upon the notes, and in which Slocumb in his answer denied that the notes were purchase-money notes.    It was contended that as Clarke elected to proceed against Slocumb upon the notes, he should not be allowed to recover the land from Slocumb's vendee.    In *Hines* v. *Rutherford*, 67 *Ga.* 606, it was held that the fact that a vendor who had given bond for titles had sued and recovered judgment for the balance of the purchase-money would not bar a subsequent suit in ejectment by him for the land.    See also *Dykes* v. *McVay*, 67 *Ga.* 502.

3.  The foregoing discussion embraces all of the assignments of error which seem to us necessary to be dealt with at length. There was no error in overruling the general demurrer to the declaration, nor the special demurrer so far as it related to allegations upon which the right to recover was based.    If there was any error in overruling the special demurrer so far as the same related to the right to recover mesne profits, it was not harmful to the defendant, for the reason that there was no finding for mesne profits against him.    There was no error in the rulings on evi-

dence which were the subject of various assignments of error; nor did the extracts from the charge upon which error was assigned contain any erroneous statement of law, or anything calculated to mislead the jury, when the same are considered in the light of the entire charge in the case. As above stated, there was evidence to warrant the verdict; and, after a careful reading of the charge, we are satisfied that the case was fairly and intelligently submitted to the jury, and if any error at all was committed during the progress of the trial, it was not of such a nature as to require the judge to grant a new trial or authorize us to reverse his judgment refusing to do so.

*Judgment affirmed. All concurring, except Lewis, J., absent.*