1784, 1785.   KELLEY & COMPANY *et al. v.* FARMERS AND MERCHANTS BANK, and *vice versa.*

For the reasons stated in the opinion, the amount of attorney's fees recoverable in the case should have been submitted to the jury.

Complaint, from city court of Sandersville—L. D. McGregor, judge pro hac vice.   October 28, 1908.

Argued May 19,—Decided October 5, 1909.

*Hardwick, Wright & Hyman,* for plaintiffs in error.

*G. H. Howard, Evans & Evans,* contra.

HILL, C. J.   The Farmers and Merchants Bank brought suit against Kelley & Co., a partnership, and the individual members of the partnership, on a promissory note for principal, interest, and attorney's fees.   The defendants, in answer to the suit, admitted the execution of the note sued on and the service of the notice to recover attorney's fees, but denied that the notice was in statutory form, and denied the plaintiff's right to recover, because of the following reasons:   At the time the note was given, Kelley & Co. pledged to the bank, as collateral security, notes of va-

rious parties, amounting in the aggregate to more than the face of the note. Each of these collateral notes was secured by reservation of title to personal property worth more than the amount of the note, and, each of these collateral notes contained a promise to pay ten per cent. upon the principal and interest, as attorney's fees, in case of default. All of these collateral notes, with the exception of two, became due on October 1, 1907, fifteen days before the principal note to the bank became due. Both before and after maturity of the collateral notes, Kelley & Co. instructed the bank to proceed with diligence to collect these notes, but the bank entirely disregarded these instructions. The bank did not make a demand for payment of a single one of the collateral notes, and never gave notice to a single maker of any of the collateral notes that it was the holder thereof and payment would be expected. Some of the collateral notes were voluntarily paid to the bank when due; for which credit was given on the principal note. After filing this suit, the bank for the first time made a demand upon the makers of the collateral notes, who had not then paid, for payment, and all but three were voluntarily paid to the bank. All of these collateral notes were made by parties who were solvent when they matured, and they would all have been collected by a demand for payment without the necessity of a suit. For the failure of the bank to exercise ordinary diligence in the collection of these collateral notes, the defendants claim that they were damaged in more than the amount of the note given to the bank by them, in various ways set forth in the plea, and that they were also released from the payment of attorney's fees, because of this lack of diligence on the part of the bank.

The plaintiff demurred generally and specially to the answer, and the court sustained so much of the demurrer as referred to the suit for principal and interest, but overruled it as to that part of the answer which denied liability for attorney's fees.

The defendants except to the judgment sustaining the demurrer as to the principal and interest of the note; and the plaintiff excepts, by cross-bill, to the overruling of the demurrer as to attorney's fees. At the conclusion of the evidence on the issue as to attorney's fees, the court directed the jury to find a verdict in favor of the plaintiff, for $87.50, the balance of the principal of the note after crediting thereon the amount that had been col-

lected on the collateral notes, and $369.69 for attorney's fees, being ten per cent. of the full amount of the balance of the note, principal and interest, without any deduction on account of the payments made thereon from the collection of the collateral note, paid after suit was filed, and which would have been paid on demand before suit was filed. A motion for a new trial was made by the defendants; and they excepted to the judgment overruling the motion.

The evidence submitted to the jury in behalf of the defendants (the plaintiff introducing no evidence on the subject) fully sustains the allegations of the defendants' answer relating to the solvency of the makers of the collateral notes pledged to the bank, and the ability of the bank, on demand and without suit, to have collected all of these collateral notes that were not paid at maturity, with the exception of the three specified, before the maturity of the note sued on.

There is no merit in any of the exceptions contained in the main bill, except the objection to the direction of a verdict for ten per cent. as attorney's fees on the principal and interest of the note sued on, without any deduction for the amount which should have been collected by the plaintiffs on the collateral notes before the principal note matured. Indeed, learned counsel for plaintiffs in error in the main bill of exceptions rely principally upon the error assigned in the direction of a verdict for attorney's fees. The statute of this State imposes upon the pledgee of promissory notes or other evidences of debt the duty of exercising ordinary diligence in collecting the same. Civil Code, §2963. The holder of such notes stands in the relation of a trustee for the benefit of the principal debtor; and for any loss which the pledgor suffers as a direct and proximate result of the failure of the pledgee to exercise ordinary diligence in making the collection of the collateral-security notes, the pledgor is entitled to recover. Under the allegations and the proof in this case the jury might well have found that the bank, as pledgee, was culpable on the question of diligence in the collection of the collateral notes. But it does not appear that this want of diligence resulted in any loss to the pledgor in so far as the collaterals were concerned. The failure to promptly· collect these collaterals did not make them less valuable, and therefore there was no loss, in a legal sense, which defendants could set

off as against the principal and interest of the note sued on. *Mauck* v. *Atlanta Trust Co.*, 113 *Ga.* 245 (38 S. E. 845), where the question is fully discussed, with many citations. This statement, however, does not apply to the question of attorney's fees. Under the uncontroverted evidence the failure of the bank to make diligent collections of these collateral notes entailed a loss upon the pledgor as to the amount of attorney's fees on his principal note. The undisputed evidence is, that these collateral notes matured fifteen days before the principal note matured; that before these collateral notes matured, the maker of the principal note requested the bank to collect the collaterals in its hands; that all but three of these collaterals were actually paid or would have been paid by the makers thereof on demand at maturity, and before the principal note fell due, and that the bank made no effort whatever to collect any of these collateral notes until after it had brought suit on the principal note, and then, between the date of the filing of the suit and the date of a judgment for attorney's fees, it did in fact collect, without suit and on demand, a sufficient amount from these collaterals to reduce the principal note to $87.50. If the bank had collected these collateral notes before the principal note matured, which the undisputed evidence substantially shows it could have done on demand and without suit, the defendants would have been entitled to a credit for the amount so collected on their principal note, and they thus would have been liable only for ten per cent. as attorney's fees on the balance of their note due on the last return day of the term to which the suit was filed. There is nothing in this decision which contravenes the ruling of this court in *Mount Vernon Bank* v. *Gibbs,* 1 *Ga. App.* 662 (58 S. E. 269). In this latter case it was held that where suit had been brought on a promissory note containing provisions for attorney's fees, and a written notice of intention to sue had been duly given, payment of attorney's fees would not be defeated because of the payment of the debt and interest several days after the return day to which the suit had been filed. There was no question in that case as to the ability of the plaintiff to have paid any part of the principal debt out of collaterals which had been placed in his hands, before the return day and before the suit was filed. Here it is practically conceded that the plaintiff, by the exercise of any diligence whatever, could

have collected the collaterals pledged with it, and thus have fully paid or reduced the principal debt before the return day of the suit, and, indeed, before the principal debt had even matured. As Judge Russell, in the opinion above cited, very justly says, the object of the law on the subject of attorney's fees is twofold. It furnishes an opportunity to a debtor to relieve himself from the burden of attorney's fees by the prompt payment of his debt, and also relieves the public from the expense of litigation. He might also have stated that another purpose of this act was to relieve plaintiffs from the payment of attorney's fees for collecting debts from defaulting debtors. It can not be said that the debtor is in such default as will render him liable for attorney's fees when he places it in the power of his creditors, by the exercise of ordinary diligence, either to pay in full or to reduce the amount of his debt, before that debt matures. In such a case the debtor is called upon to pay attorney's fees, not on account of his own default, but by the failure of the creditor to do that which in law and in equity he ought to have done. To make a concrete application of the facts in this case to the principle here announced, if the bank had done its duty and collected the collateral notes before the principal note matured, which the uncontroverted evidence shows it could have done, then the defendant's indebtedness on the principal note would have been proportionately reduced, and as to this reduction no liability for attorney's fees could have arisen. It follows that the neglect on the part of the bank to collect these collaterals resulted in a direct and substantial loss to Kelley & Co., for which the bank was alone liable, and it would be unjust and inequitable to impose upon the defendants the additional burden of paying attorney's fees which could have been easily and readily prevented by the bank. We therefore conclude that, under the facts of this case, the defendants were only liable to pay as attorney's fees ten per cent. on the principal and interest of the amount of the principal debt which the jury might have determined would have been due after crediting thereon the amount that the plaintiff either collected or could have collected from the collaterals in its hands by the exercise of ordinary diligence, before the maturity of the note sued on and before the last return day of the term to which the suit was filed. For the reasons given we think the verdict directed by the court was erroneous, and that another

trial should be had. It follows also that the judgment complained of in the cross-bill should be affirmed.

*Judgment on the main bill of exception reversed; on the cross-bill affirmed.*