8316. LAURENS COTTON COMPANY *et al.* v. AMERICAN TRUST AND BANKING COMPANY.

BLOODWORTH, J. 1. Where the only issue presented for determination in the court below was altogether one of law, and the exception to the judgment of the trial judge, upon an agreed statement of facts submitted, was merely that the judgment was error, this court will not dismiss the bill of exceptions because of failure of the plaintiff in error to further specify the grounds of his exception. *Savannah Trust Co.* v. *Bank*, 16 *Ga. App.* 718 (86 S. E. 49); *Patterson* v. *Beck*, 133 *Ga.* 701 (1), 707 (66 S. E. 911).

2. "Where notice is given, in accordance with the act of 1900 (Civil Code, 1910, § 4252), of an intention to bring suit upon a promissory note which provides for the payment of attorney's fees, and where suit is not filed until the last return day of the term of court specified in the notice, tender of the principal and interest upon the note on that day, but after the suit has been filed, will not relieve the debtor from the obligation to pay attorney's fees." *Holland* v. *Mutual Fertilizer Co.*, 8 *Ga. App.* 714 (1), 716, 717 (70 S. E. 151); *Harris* v. *Powers*, 129 *Ga.* 74 (58 S. E. 1038, 12 Ann. Cas. 475). See also In re Weiland, 197 Fed. 117.

3. Being convinced that the decision in 8 *Ga. App.* 714, quoted above, should not be modified or overruled, we refuse the request of the plaintiff in error that it be "reviewed and reversed," or that the question presented be certified to the Supreme Court, in order that the ruling in the case of *Harris* v. *Powers*, supra, may be reviewed.

4. In the instant case the court did not err in the judgment rendered.

> *Judgment affirmed. Broyles, P. J., and Jenkins, J., concur.*
>
> DECIDED JUNE 18, 1917.

Complaint; from city court of Dublin—Judge Flynt. December 11, 1916.

*Hal B. Wimberly,* for plaintiffs in error.

*Chappell & Burch,* contra.