### 16602.   HARDIN v. MUTUAL CLOTHING COMPANY.

STEPHENS, J. 1. The giving of "five days notice of the time and place of hearing," required by section 5154 of the Civil Code (1910), of a petition for discharge filed by a defendant in a suit in trover, who is held in imprisonment in default of bail, is not complied with by serving the plaintiff, on the first day of May, with notice that the time of hearing the petition will be on the fifth day of May following. From the first day of May to the fifth day of May is only four days. Civil Code (1910), § 4 (8); *Baxley* v. *Bennett, 33 Ga.* 146.

2. On the hearing of such petition on the day set in the notice, to wit, upon the fifth day of May, the court did not err in overruling a motion of the petitioner to defer the hearing until after the lapse of

five days after the service of the notice, and in dismissing the petition, because of lack of the required notice.

3. Where the defendant brought a second petition for discharge, after having given the required five days' notice, the act of the trial judge in adjourning the hearing over for one day for the purpose of allowing the defendant to cause search to be made for the property, and in continuing the defendant in custody in the meantime, was not error.

4. The judge of the superior court, therefore, did not err in refusing to sanction the certiorari.

*Judgment affirmed. Jenkins, P. J., and Bell, J., concur.*

DECIDED OCTOBER 17, 1925.

Certiorari; from Fulton superior court—Judge E. D. Thomas. June 4, 1925.

*F. E. Radensleben,* for plaintiff in error.

*Noah J. Stone,* contra.