18024.   EQUITABLE LIFE ASSURANCE SOCIETY
*et al. v.* PATTILLO.

A promissory note was secured by a deed to land, and the note and the deed both included a stipulation for the payment by the maker of 10 per cent. of the entire debt as attorney's fees in the event of the

Judgments, 34 C. J. p. 511, n. 46.
Mortgages, 41 C. J. p. 415, n. 63; p. 654, n. 29, 38; p. 929, n. 97; p. 1020, n. 88.

maker's default in paying the same, and the deed contained also a power of sale authorizing the payee in case of such sale to collect the proceeds and retain the expenses of the sale and the amount of the indebtedness, including such attorney's fees. The payee, after giving the statutory notice in regard to attorney's fees, brought suit on the note to recover such fees in addition to principal and interest. The maker failed to pay the note on or before the return day or to file any defense. At the appearance term the case was marked in default, and at the trial term a judgment was rendered in favor of the payee for the amount sued for, including the attorney's fees. Between the date of the entry of default and the date of the final judgment, the payee, after advertising the land in accordance with the contract, exposed the same for sale and sold it for a sum exceeding the aggregate of the expenses of sale and the amount of the judgment thereafter rendered. *Held:* In an accounting had between the payee and the maker subsequently to the judgment, the payee was authorized to retain the attorney's fees and costs which it had recovered, in addition to the principal and interest, and the expenses of the sale of the property; and where the payee, after retaining these items, paid over to the maker the balance of the proceeds of the sale, the maker could not then maintain a suit to recover of the payee and its attorneys such attorney's fees and costs. The court in such a suit by the maker erred in striking the answer of the defendant, which set up the facts hereinbefore detailed, and in directing a verdict in favor of the plaintiff.

DECIDED NOVEMBER 18, 1927.

Complaint; from Floyd superior court—Judge Maddox. January 24, 1927.

*Linton A. Dean, Lamar Camp,* for plaintiffs in error.

*W. H. Ennis,* contra.

BELL, J. C. F. Pattillo became indebted by promissory note to the Equitable Life Assurance Society, and, as security thereto, executed a deed to land. The note and the deed each included a stipulation by the maker for the payment of 10 per cent. of the whole debt as attorney's fees in the event of the maker's default in paying the debt at maturity, and the deed contained also a power of sale, authorizing the payee, in case of such default, to sell the land at public outcry after four weeks advertisement, and, out of the proceeds to retain the expenses of the sale and the amount of the indebtedness, including such attorney's fees, the maker to receive any surplus that might be left. The debt being mature, the payee gave notice of its intention to bring suit to the October term, 1925, of the superior court of Floyd county and of its intention to claim the attorney's fees in addition to the principal and interest as provided in the note. This notice was given

in compliance with the terms of section 4252 of the Civil Code (1910). The return day of the October term was September 22. The maker failed to pay the debt or to answer the suit, and the case was marked in default on December 5, 1925, during the October term. At the succeeding April term, 1926, the payee took judgment for the principal, interest, and attorney's fees. In the meantime, having advertised the property as required by the contract, the payee, on December 12 (after the return day and after the entry of default), exposed the property for sale and sold it for an amount exceeding the aggregate sum of the judgment obtained in the following April. The payee made no accounting to the maker until after the procuring of this judgment. In the accounting then made it retained not only the principal and interest on its debt but also the attorney's fees included in the judgment, with the costs of suit. Thereafter the maker brought suit against the payee and its attorneys for the recovery of the amount so retained. To this suit the defendants, in the sixth paragraphs of their separate but identical answers, pleaded the facts hereinbefore detailed. These paragraphs were stricken for insufficiency, on a demurrer filed thereto by the plaintiff, and the defendants excepted pendente lite. The trial resulted in a directed verdict in favor of the then plaintiff for the amount in controversy, representing the sum which the payee in the original note had retained as above stated. Whereupon the defendants excepted, and the case is here for review.

The execution of a deed to land as security to a promissory note places no legal duty on the creditor to proceed first against the security, even though the deed contains a power of sale. The obligation of the debtor to respond in person is the same as if no security had been given, and upon default in payment the creditor may elect to sue the debtor on the note, without exercising the power of sale, or he may do either. Also he may pursue both remedies concurrently until the debt is satisfied. *Ga. Mills Co. v. Clarke,* 112 *Ga.* 253 (2) (37 S. E. 414); *Clark* v. *Havard,* 122 *Ga.* 273 (50 S. E. 108); Civil Code (1910), § 5522; 21 R. C. L. 685. So in this case the sale under the power did not amount to an abandonment of the suit nor render fraudulent the judgment therein subsequently obtained. The maker having failed to pay the debt on or before the return day, the claim for attorney's fees

became vested and fixed and would not have been avoided even by a subsequent payment by the maker. *Mt. Vernon Bank* v. *Gibbs,* 1 *Ga. App.* 662 (3) (58 S. E. 269) ; *Valdosta R. Co.* v. *Citizens Bank of Valdosta,* 14 *Ga. App.* 329 (6) (80 S. E. 913). His liability therefor had attached as a part of the principal obligation, and the payee had the right to retain the same out of the proceeds of the sale, in the absence of some act amounting to a waiver; and where the suit which had thus passed the return day and had been marked in default was subsequently prosecuted to a judgment, which included the attorney's fees, the payee, in then accounting with the maker, was liable to him only for the difference by which the proceeds of the sale exceeded the amount of the legitimate expenses of the sale and the amount of the judgment including the attorney's fees and costs therein. It follows that the maker's suit thereafter instituted to recover such attorney's fees and costs was subject to the defense which the payee and its attorneys as defendants interposed as above stated. For the foregoing reasons, the court erred in striking such defense. *McCall* v. *Herring,* 116 *Ga.* 235, 239 (42 S. E. 468) ; *Hamilton* v. *Rogers,* 126 *Ga.* 27 (3-a) (54 S. E. 926) ; *Evans* v. *Atlantic National Bank,* 147 *Ga.* 621 (2) (95 S. E. 219) ; *Royal* v. *Edinburgh Mortgage Co.,* 143 *Ga.* 347 (85 S. E. 190) ; *Laurens Cotton Co.* v. *American Trust Co.,* 20 *Ga. App.* 348 (2) (93 S. E. 43) ; *Guarantee Trust Co.* v. *American National Bank,* 15 *Ga. App.* 778 (2-b) (84 S. E. 222).

Furthermore, the judgment in favor of the payee in the first suit adjudicated its right to the attorney's fees and the costs of that suit, and this judgment continues of force and is not subject to collateral attack.

*Judgment reversed. Jenkins, P. J., and Stephens, J., concur.*