21032, 21033.   FRANKLIN MORTGAGE COMPANY *v.*
McDUFFIE; and *vice versa.*

DECIDED JULY 20, 1931.

*Etheridge, Peck & Etheridge,* for plaintiff.

*Madison Richardson, Alston, Alston, Fosler & Moise, W. H. Sibley,* for defendant.

JENKINS, P. J. McDuffie owned a piece of real estate on which he had borrowed from John Hancock Life Insurance Company $7,500, giving to the lender a security deed, which was duly recorded, to secure the loan note. Subsequently McDuffie sold the property to Mrs. Woolf, the grantee expressly assuming such debt as a part of the purchase-price. Mrs. Woolf thereafter conveyed the property to the Franklin Mortgage Company, without any reference to the incumbrance, nor did the mortgage company expressly agree to pay off and discharge the same as a part of the purchase-price. The mortgage company, in order to perfect its title, took a transfer of McDuffie's note to the insurance company, together with a purchase of the legal title represented by the security deed, and proceeded to sue McDuffie on the note, and the suit constitutes the subject-matter of this litigation. In the plea filed to this suit McDuffie alleged that the plaintiff mortgage company took the property from Mrs. Woolf "in satisfaction of all debts secured by said property." It appears that pending the suit the mortgage company sold the property under the power of sale embodied in the security deed acquired by it, and, after buying in the property for an amount less than that represented by the note, it now seeks to recover the balance on the note, together with attorney's fees on the entire amount of the note. By amendment

it seeks also to recover taxes and street-improvement assessments paid by it after it had bought the property in at the sale under the power, and attorney's fees incurred by it in defending a suit brought by McDuffie to enjoin the instant action, the nature of which proceeding is not disclosed, the pleadings not being set forth. The questions of law presented are whether the mortgage company is entitled to recover such balance on the insurance company's note transferred to it, together with the other items sued for, or whether its claim under such notes became extinguished by virtue of a merger of the legal and equitable titles to the land resulting from the transaction with Mrs. Woolf. The court struck the defendant's answer setting up the alleged merger as a defense, disallowed the amendments referred to as offered by the plaintiff, and restricted the recovery of the plaintiff to the balance due on the notes, together with attorney's fees on such balance. Both plaintiff and defendant bring separate bills of exceptions, complaining of the rulings adverse to each.

Something might be said in elaboration of the ruling made in subdivision (b) of the third division of the syllabus. The case of *Equitable Life Assurance Society* v. *Pattillo, 37 Ga. App.* 398 (140 S. E. 403), cited and relied upon by the plaintiff, while identical with the present case in so far as the procedure taken therein is concerned, is somewhat different in its facts. In that case the plaintiff, holding a note and a security deed, both providing for attorney's fees, gave the statutory notice for attorney's fees and filed suit for the entire amount, both principal and interest, of the note. The suit was not answered. Between the time of filing suit and the date of the judgment the plaintiff exercised the power of sale, but gave no credit upon the note which was then in suit. At the trial term judgment was entered in favor of the plaintiff for the full amount of the principal and interest due on the note, with attorney's fees calculated upon the aggregate of such amounts. It appears that at the sale the property brought more than the full amount of the judgment. After the judgment an accounting was had between the parties, and the defendant subsequently brought suit against the plaintiff for the amount retained as attorney's fees. This court held that the defendant could not recover, since the judgment in favor of the plaintiff adjudicated its right to the attorney's fees provided for in the

judgment, which judgment was not subject to collateral attack. The court further ruled, however, that the plaintiff had the right to pursue both of the remedies afforded it by law, i. e. a suit on the note and a sale of the property under the power, concurrently, and that the sale of the property under the power did not amount to an abandonment of the suit nor render fraudulent the judgment therein subsequently obtained; that the failure of the defendant maker of the note sued on to pay the debt on or before the return day, after the giving of the notice for attorney's fees, vested and fixed the right of the plaintiff to attorney's fees, which right would not have been avoided·even by a subsequent payment by the maker. In this connection the court cited *Mt. Vernon Bank* v. *Gibbs,* 1 *Ga. App.* 662 (3) (58 S. E. 269); *Valdosta R. Co.* v. *Citizens Bank,* 14 *Ga. App.* 329 (6) (80 S. E. 913).

We think the question here involved is controlled by the principle stated in *Mt. Vernon Bank* v. *Gibbs,* supra, wherein it was ruled that "where suit had been brought upon a promissory note, containing provision for attorney's fees, and it was admitted that the written notice of intention to sue had been duly given, and it was uncontradicted that payment of the debt and interest thereon was not made until several days after the last return day, it was error to enter a judgment relieving the defendant from the attorney's fees." See also, in this connection, *Harris* v. *Powers,* 129 *Ga.* 74 (58 S. E. 1038, 12 Ann. Cas. 475); *Holland* v. *Mutual Fertilizer Co.,* 8 *Ga. App.* 714 (70 S. E. 151); *Laurens Cotton Co.* v. *American Trust & Banking Co.,* 20 *Ga. App.* 348 (2) (93 S. E. 43). If a plaintiff who has given the statutory notice can not be deprived of the right to attorney's fees by payment in full of the principal and interest of the note sued on, made after the filing of the suit and after the return day has passed, and accepted by the plaintiff, it would seem clear that after the right to attorney's fees on a promissory note has become vested by the failure of the maker to pay the note on or before the return day after the giving of the notice, the holder of such obligation can not be deprived of the right to attorney's fees, or deemed to have waived such right, by pursuing a consistent remedy, a sale under the power contained in a deed conveying property to secure the debt, which remedy he had a right to pursue concurrently with the prosecution of the suit on the note, and which did not amount to an abandonment of

the suit. *Equitable Life Assurance Society* v. *Patillo,* supra.

We are not unmindful of the rulings of the Supreme Court in *Stone* v. *Marshall,* 137 *Ga.* 544 (73 S. E. 605), and *Moultrie Banking Co.* v. *Mobley,* 170 *Ga.* 402 (2) (152 S. E. 826), to the effect that a creditor holding a note secured by a deed containing a power of sale ordinarily has no right to apply any part of the proceeds derived from a sale of the property under the power to the payment of attorney's fees. But these decisions are based upon the provisions of section 4252 of the Civil Code (1910), which in terms declare an obligation in a note to pay attorney's fees unenforceable unless the holder of the obligation shall give the notice for attorney's fees required by that section, and the debtor shall fail to pay the obligation on or before the return day of the court to which suit is brought for collection of the note, and have no application to the facts of the instant case. Here the plaintiff did give the notice for attorney's fees, and the defendant did fail to pay the obligation on or before the return day of the court. These facts, as has been pointed out, vested in the plaintiff the right to attorney's fees, dependent, of course, upon his right to recover on the obligation sued on.

The cases of *Rylee* v. *Bank of Statham,* 7 *Ga. App.* 490 (5), 498 (67 S. E. 383), and *Slack* v. *Elkins,* 10 *Ga. App.* 571 (4) (73 S. E. 862), bear upon the question here involved, and require consideration. In the *Rylee* case, the fifth headnote is as follows: "Where attorney's fees are recoverable at all, their amount is not determined by the amount *claimed to be due* upon return day, but is fixed (except so far as the result may be affected by special circumstances of an equitable nature) by the amount *actually due* on that day, and subsequent interest, if any, as determined either by voluntary payments made subsequently to the return day or (if no such payment has been made) by the amount of the judgment for principal and interest which the plaintiff is entitled to recover." In the opinion in the *Rylee* case Judge Russell, speaking for this court, said: "One of the questions raised by the record does not appear to have been heretofore presented in this State. In the case of *Mt. Vernon Bank* v. *Gibbs,* supra, we held that attorney's fees, where the proper notice was given, were to be computed, if payment was made after return day, upon the amount of principal and interest at the time of payment. In that case we dealt exclusively

with a situation in which the payment was made after return day, and the sum paid was admitted by the defendant to be the amount he owed; and the creditor made no conditional agreement to release his right created by the notice. The method of fixing the amount was not before us, nor was any question in regard to the plaintiff's waiver of his right to collect attorney's fees presented in that case; in fact it did not appear that the plaintiff had any connection with the collection of the principal and interest. Upon the question as now presented, we have no hesitation in holding that the notice required to be given, for the sole purpose of attaching liability for attorney's fees upon the maker of a note in which attorney's fees are promised, has no bearing whatever upon the amount for which the defendant may be finally liable. Where there is a judgment in favor of the plaintiff and a percentage is stipulated in the contract, and there are no intervening payments, it is clear that the amount of recovery of attorney's fees would be determined by the judgment, including interest if any. If the plaintiff recovers only a part of the amount of the note or other contract which stipulates for attorney's fees, the attorney's fees are proportionately diminished." In the *Rylee* case, the court was dealing with a case in which the defendant alleged lack of diligence on the part of the plaintiff in collecting certain collateral notes, as against the claim for attorney's fees, and it was held that the plaintiff could not recover attorney's fees as to any amount which, by the exercise of ordinary diligence, might have been collected from the collateral prior to the return day of the court to which the suit was brought. It seems clear, therefore, that the quoted language of the opinion as to a diminution of the attorney's fees in case of recovery of only a part of the amount of the note or other contract did not have reference to such reduction in the amount of the judgment by reason of a collection made after suit, but rather to a reduction in the amount *actually due* on the return day, as referred to in the headnote. In *Slack* v. *Elkins,* supra, the court was also dealing with a case in which the defense pleaded was not that of a payment made after the filing of the suit, but was one good as against the original taker of the note, and hence sustainable as against the plaintiff who held the note as collateral security to the extent of the excess of the note sued on over the obligation for which it was pledged as security, and the ruling in the fourth

headnote in that case must be taken to limit the amount of attorney's fees recoverable to a percentage on the amount actually due and recoverable upon the instrument on the return day of the court to which the suit was filed, and interest thereafter accruing.

Under the authorities cited herein, we think the court erred in holding that the plaintiff, if entitled to prevail, was not entitled to recover attorney's fees calculated upon the principal amount due and interest on the note on the last return day of the court to which the suit was filed, and interest thereafter accruing.

*Judgment affirmed in part and reversed in part in No. 21032; judgment reversed in No. 21033.   Stephens and Bell, JJ., concur.*