OLIVER *v.* SLACK, executor, *et al.*

No. 13573. APRIL 15, 1941.

*Frank B. Stow* and *Oliver & Oliver*, for plaintiff.
*Joseph G. Collins*, for defendants.

JENKINS, Justice. ▪ Under the codified, long-recognized maxim that "he who would have equity must do equity, and give effect to all equitable rights in the other party respecting the subject-matter of the suit" (Code, § 37-104), a borrower who has executed a deed to secure debt is not entitled to an injunction against a sale of the property under a power in the deed, unless he first pays or tenders to the creditor the amount admittedly due. *Biggers* v. *Home Building & Loan Association*, 179 *Ga.* 429, 431 (176 S. E. 38), and cit.; *Redwine* v. *Frizzell*, 184 *Ga.* 230, 237 (10, 11) (190 S. E. 789); *Latimer* v. *Lyon*, 177 *Ga.* 888 (171 S. E. 562); *Bigham* v. *Chamlee*, 148 *Ga.* 488 (97 S. E. 407); *Pierce Trading Co.* v. *Blackshear*, 182 *Ga.* 649 (186 S. E. 721). See also *Georgia Baptist Orphans Home* v. *Moon*, 192 *Ga.* 81. The petition, in this suit for injunction against a sale under power in a security deed, showing an admitted indebtedness in the principal sum of at least $2,200, and the sworn pleadings and other evidence on which the question of interlocutory injunction was tried failing to show any tender of this amount, the court did not err, for the reason stated, in refusing an injunction. The statement in the petition

that the actual total amount due is in dispute and not definitely settled, and that "upon adjudication of [such amount] . . petitioner stands ready, willing, and able to pay whatever amount may be found to be due on said debt," would not dispense with or amount to the required tender of the admitted indebtedness.

A creditor who holds a promissory note secured by a deed is not put to an election of remedies as to whether he shall sue upon the note or exercise a power of sale contained in the deed, but he may do either, or "pursue both remedies concurrently until the debt is satisfied." *Equitable Life Assurance Society* v. *Pattillo,* 37 *Ga. App.* 398, 400 (140 S. E. 403) ; *Franklin Mortgage Co.* v. *McDuffie,* 43 *Ga. App.* 604, 608 (159 S. E. 599). See also the cases of this court, on which the *Pattillo* decision was based, as to the analogous principle that the grantee in a security deed may concurrently "sue the debt to judgment" and bring an action in ejectment "to recover possession of the land upon the title derived from the security deed," until "the debt has been fully satisfied under the operation of one or the other proceeding." *Clark* v. *Havard,* 122 *Ga.* 273, 274 (50 S. E. 108) ; *Ray* v. *Pitman,* 119 *Ga.* 678, 681 (46 S. E. 849), and cit.; *Georgia Mills & Elevator Co.* v. *Clarke,* 112 *Ga.* 253 (2) (37 S. E. 414). Accordingly, *irrespective of the question of tender,* the court did not err in refusing an injunction on the merits.

*Judgment affirmed. All the Justices concur.*