5550.   GUARANTEE TRUST AND BANKING COMPANY
*et al. v.* AMERICAN NATIONAL BANK.

1. Under the provisions of section 6037 of the Civil Code, the transferee and holder of a promissory note given for the purchase-money of land may, in appropriate proceedings, subject the land to his debt. Hence, in a suit brought by a transferee on promissory notes which recite that they are for purchase-money of land described, a plea denying his right to a lien against the land is subject to demurrer.

2. (*a*) In a suit against the maker of a note containing a stipulation for

the payment of attorney's fees, when he has been served in accordance with law with notice of the holder's intention to sue on the note, and the principal and interest of the note have not been paid on or before the last return day of the term of the court, the plaintiff's right to recover attorney's fees is not affected by the fact that, after service of the notice, a court of equity appointed receivers who took possession of the assets of the debtor; nor is it necessary that the receivers be thereafter served with the statutory notice in order to fix the liability for attorney's fees.

(b) A note given for the purchase-money of land may include a stipulation for the payment of attorney's fees in the event the principal and interest are not paid at maturity; and in such case, upon default in the payment of the note, if the holder of the note complies with the statutory requirement as to the giving of notice ten days before the filing of the suit, and, by reason of the non-payment of the note, liability for the attorney's fees results, the attorney's fees become a part of the indebtedness, and the obligation of the deed given to secure the original debt extends to and includes the attorney's fees. . Consequently, one who is entitled to a special lien for purchase-money upon described real estate is entitled also to a lien for the amount of any attorney's fees to which the debtor may be legally subject.

3. The establishment of a lien on real estate is not a suit affecting the title to land, and the city court of Atlanta has jurisdiction to declare a special lien upon real estate in a suit upon notes given for the purchase-money of such real estate.

4. In directing a verdict the trial judge takes the peril of deciding that no other possible verdict can be legally rendered than that directed, but if his decision be correct, the withdrawal of the case from the jury is not legal error.

DECIDED FEBRUARY 13, 1915.

Complaint; from city court of Atlanta—Judge H. M. Reid. January 26, 1914.

*Dorsey, Brewster, Howell & Heyman, Marion Smith,* for plaintiffs in error.

*Smith, Hammond, & Smith,* contra.

RUSSELL, C. J. On August 12, 1913, the American National Bank brought suit in the city court of Atlanta against the Guarantee Trust & Banking Company, alleging itself to be the bona fide holder for value of two certain promissory notes executed by the defendant, payable to the order of F. P. H. Akers, for $3,250 each, and purchased by the plaintiff before maturity. The notes fell due June 6, 1913, and June 6, 1914, respectively, and each contained a stipulation that in the event the first note became due and remained unpaid for 30 days, the other should immediately become due. The first note remained unpaid for more than thirty days after it became due. On July 8, 1913, the plaintiff served

written notice on the defendant of its intention to declare the second note due and to bring suit on both notes, and also of its intention to ask for a judgment for attorney's fees as provided for in the notes, and for a special lien upon certain property described in the notes, for the purchase-money of which they had been given. Attached to the petition were copies of the notes, each of which contained the following recitals: "Being part of purchase-money for property located at and known as # 237 and # 241 West Peachtree street in the City of Atlanta, Ga.;" and "We have given two notes for the deferred payments for a certain piece of land, as shown by bond for title of this date, aggregating $6,500," etc. There was also attached to the petition a copy of a notice of intention to bring the suit and ask for judgment for attorney's fees, and for a special lien on the property described in the notes. Personal service of the suit was effected upon Samuel E. Smith, president of the defendant corporation, on August 16, 1913.

The defendant filed a demurrer, on the grounds: "(1) Said petition sets forth no facts showing that the plaintiff has any special lien upon the property described in the seventh paragraph of said petition. While said petition shows that it is the holder of the notes therein described, it does not show that the plaintiff is the holder of the legal title to the property therein described, or that it holds or owns any lien upon said property which rests upon the notes described in said petition. (2) Because the claim for attorney's fees is not shown by said petition to rest upon any lien or claim of title, or title, and [appears] to be in no wise anything but a mere contractual demand against the defendant company, and not entitled to be established against said land as a claim entitled to either legal or equitable priority."

The defendant company, in its own name, and its receivers, J. D. Robinson and Harold Hirsch, who also appear as defendants, filed an answer admitting the execution and delivery of the notes in question, and alleging that prior to the suit, the defendant company was placed by the superior court of Fulton county in the hands of the receivers, and that no notice of the intention to bring suit was given by the plaintiff to the receivers. It is denied that the plaintiff is entitled to recover attorney's fees, or to have a special lien established upon the property described in the petition. The defendants further allege that no application for authority to

bring the suit was made to or granted by Fulton superior court, which it is alleged has full and exclusive authority in the administration of the assets, liabilities, and obligations of the defendant; that while the notes contain an obligation to pay ten per cent. of principal and interest as attorney's fees, the "case does not disclose that the obligation to pay attorney's fees is made a part of any retention of title, claim of title, or lien in behalf of the said F. P. H. Akers, or that any such claim of title, retention of title, or lien was transferred by said F. P. H. Akers to the American National Bank;" that any claim for attorney's fees is one of general contractual relationship, existing only in a like way with other contractual relations entered into by and in behalf of the defendant. The receivers neither admit nor deny that title was reserved in Akers and transferred to the American National Bank, but say if it was, the plaintiff's right to maintain the suit is denied, on account of the receivership proceedings. They allege also their authority from the superior court to interpose a defense to the suit, but submit that the issues should be presented to the superior court and the question of amount and priority of the claim be settled by that court in connection with the receivership proceedings; and they deny, for the reasons stated above, that the plaintiff is entitled to a special lien for attorney's fees as against the property in their hands. Attached to the answer is a copy of the order appointing James D. Robinson and Harold Hirsch receivers of the defendant corporation, and delegating to the receivers authority relative to its assets, etc., with special authority to them to defend the present action.

The plaintiff demurred to the answer generally, on the ground that it set forth no facts constituting a defense. There were also various special demurrers, but these were not passed upon. The court, after overruling the demurrer to the petition, entered the following order on the demurrer to the answer: "Paragraph 1 of this demurrer is sustained and the defendants' plea is stricken." This judgment striking the answer is the basis of the first exception presented in the writ of error. Thereafter a verdict for principal, interest, and attorney's fees, and establishing a special lien for these items against the lands described in the petition, was directed, and judgment was entered thereon, and error is assigned upon the ground that the court erred in directing the verdict, and that the judgment was contrary to law.

The various assignments of error present the following questions: (1) Was the plaintiff entitled to a purchase-money lien upon the real estate described in its petition? (2) Did the lien extend to the attorney's fees stipulated in the note, and was the plaintiff debarred from insisting upon a recovery of attorney's fees, by the fact that the notice of intention to sue was served only upon the Guarantee Trust & Banking Company, and not upon the receivers? (3) Was the city court of Atlanta without jurisdiction to adjudge and establish the purchase-money lien upon the property described, because the superior court of Fulton county had, in the exercise of its jurisdiction in another case, appointed receivers and placed them in charge of all the assets of the defendant company, with a view to marshaling the company's assets and appropriating them to the payment of debts in accordance with their respective priorities? (4) Was the direction of a verdict error because of the lack of evidence?

1. We think the bank was clearly entitled to a purchase-money lien upon the real estate described in its petition. The petition sets forth specifically the nature and origin of the alleged indebtedness, and exhibits the notes transferred by Akers, in which the defendant declares that they were given for the purchase-money of two described lots on West Peachtree street. These lots are fully described and identified in the petition. So that, passing for the present other objections (which will be dealt with later), the plaintiff, by virtue of the transfer of the notes, which carried with it all of Akers's rights as to the security (Civil Code, § 4276), and in accordance with the original contract between the defendant and Akers, was entitled to a lien for the purchase-money of the property identified in the notes, which referred also to the bond for title that the plaintiff alleged had been transferred to it. Civil Code, §§ 3330, 3347, 4276.

2. It is insisted, however, by learned counsel for the plaintiffs in error that even if the plaintiff was entitled to a lien upon the land for the amount of the principal and interest of the note, in no event could the amount of the lien be increased so as to include the attorney's fees specified in the note. The objection is twofold,— (1) that there is no provision of law by which attorney's fees can be included so as to carry a lien provided by a contract, except for the principal and interest; and (2) that even if the defendant

company could have been bound for the attorney's fees if there had been no receivership, there can be no lien in this case, for no notice of intention to sue was ever served upon the receivers. It is admitted in the answer that timely written notice of intention to sue and claim attorney's fees was served upon the defendant company; and, although it is alleged that no such notice was ever served upon the receivers, we are of the opinion that no further notice than that given was necessary, for the law in reference to notice for the collection of attorney's fees does not extend to receivers of the debtor. A receiver is a mere servant of the court, acting under orders from the court, and his compliance with the terms of a debtor's conditional contract to pay attorney's fees would perhaps be unenforceable, because it would be impossible for a receiver to comply with the terms of the notice and pay the principal and interest of the debt on or before the last return day, and thereby relieve himself from the payment of the attorney's fees, unless the court, whose servant the receiver is, has authorized or directed him to appropriate funds in his hands to the payment of the indebtedness. There was no difficulty, however, in the way of the directing of a verdict as against the maker of the notes in the present case, because the maker admitted service of the notice; and so far as the obligations of the maker of a note whose assets have been placed in the hands of a receiver are concerned, it is not a matter that affects the receiver; and it may be safely said that a notice to a debtor who is afterwards placed in the hands of a receiver follows the indebtedness and operates to bind the maker of the note, if the principal, interest, and attorney's fees as stipulated in the note, are not paid.

It is insisted, however, that even if the plaintiff in this case was entitled under the rulings in *Harris* v. *Powers,* 129 *Ga.* 86 (58 S. E. 1038, 12 Ann. Cas. 475), and *McCall* v. *Herring,* 116 *Ga.* 239 (42 S. E. 468), to a lien upon the land, these decisions did not hold that the security of the deed extends to the attorney's fees; and it is argued that no Georgia case can be found in which it is held that attorney's fees are a part of the purchase-money. A note given for the purchase-money of land may include a stipulation for the payment of attorney's fees in the event the principal and interest of the note are not paid at its maturity, and in the event of such default, if the holder of the note complies with

the statutory requirement as to the giving of notice ten days before the filing of the suit, and, by reason of non-payment of the note, liability for the attorney's fees results, the attorney's fees become a part of the indebtedness, and the obligation of the deed given to secure the original debt extends to and includes the attorney's fees as a part of the debt as a whole. Consequently, one who is entitled to a special lien for purchase-money upon described real estate is also entitled to a lien for the amount of any attorney's fees to which the debtor may be legally subject. It seems to us that the rulings in *McCall* v. *Walter,* 71 *Ga.* 287, and *McCall* v. *Herring,* supra, support the principle we have just announced. But if we should be in error as to this, and even though we be pioneers in adjudicating this point, we think our holding is supported by sound reason, and for that reason the holding is unequivocal. Moreover, an examination of the original record in *Brown* v. *Sutton,* 142 *Ga.* 781 (83 S. E. 790), discloses that seemingly this question was involved in that case, and that the case was decided in accordance with the view we entertain.

3. Under the rulings in *Wheatley* v. *Blalock,* 82 *Ga.* 406 (9 S. E. 168), *Young* v. *Germania Savings Bank,* 5 *Ga. App.* 130 (62 S. E. 999), and *Edenfield* v. *Bank of Millen,* 7 *Ga. App.* 645 (67 S. E. 896), there is no merit whatever in the argument that the city court of Atlanta is without jurisdiction to establish a lien upon real estate. It is directly held in the *Wheatley* case, supra, that the establishing of a lien on real estate is not a suit affecting title to land. But it is insisted that the fact that the superior court of Fulton county, in the exercise of its jurisdiction as a court of chancery, had taken charge of the assets of the Guarantee Trust & Banking Company and was administering its assets, and that the allowance of a lien would be an assumption of the superior court's jurisdiction by the city court, whereas the duty rests upon the superior court to distribute the fund in hand. It is one thing to create a lien, and another thing to determine the priority to which it is entitled; and even if this point had not already been adjudicated in the case of *American National Bank* v. *Robinson,* 141 *Ga.* 78 (80 S. E. 555), we should hold that it would be time enough for the point to be raised before the superior court whenever that judicatory proceeds to render a decree fixing the relative rank of the various claims seeking a distributive part of the fund. We

think, however, that the decision in the case above cited settled the question of the right of the plaintiff in this case to pursue its remedy in the city court without any other restrictions than those imposed by law in a similar case where neither party was before a court of equity.

4. There is not only the exception that the verdict was erroneous because the court was without power and authority to render such a judgment as was rendered, but it is further urged that even if the court was clothed with jurisdiction and a verdict for the plaintiff might have been found by a jury, it was nevertheless error to direct a verdict. A court can never direct a verdict, unless no other finding can legally be reached than that directed, and a verdict is directed by a court always at its peril. In the present case it must be assumed that the withdrawal of the case from the consideration of the jury and the directing of a finding was harmless, because the particular verdict directed could not have been prevented otherwise than by a lack of evidence on some particular point essential to the plaintiff's case; for the case is not one in which there is a conflict in the evidence. The court might have rendered a judgment for the principal, interest, and costs; and, under the ruling in *Valdosta &c. R. Co.* v. *Citizens Bank of Valdosta*, 14 *Ga. App.* 329 (80 S. E. 913), the admission of service of the notice of intention to sue would have required the jury to find a verdict for the attorney's fees. The admission of the execution of the notes, and the admission that the real estate referred to was that described in the petition, required the establishment of the plaintiff's lien. So there could have been no harmful error in the direction of the verdict.

We decline to grant the motion of the defendant in error for the award of ten per cent. damages for a frivolous appeal in this case, although we are perfectly satisfied that our ruling upon the allowance of a lien upon the real estate for the attorney's fees specified in the purchase-money notes is correct. We overrule the motion not only because the precise question has not hitherto been directly adjudicated, but also because it does not directly appear from the record that the plaintiff in error in this case filed a supersedeas bond whereby the defendant in error was prevented from proceeding to enforce its judgment, including the lien for attorney's fees.                              *Judgment affirmed.*