## BROWN et ux. v. CLEVERLY et ux.

No. 6039.   Decided January 3, 1939.   (85 P. 2d 769.)

For original opinion, see 96 Utah 116, 83 P. 2d 1009.

*N. H. Tanner* and *J. J. Whitaker,* both of Salt Lake City, for appellants.

*Wendell B. Hammond,* of Bountiful, and *Hammond & Hammond,* of Salt Lake City, for respondents.

PER CURIAM.

Appellants have petitioned for a rehearing on the ground that this court, in its opinion in 96 Utah 116, 83 P. 2d 1009, "did not determine or consider the appellants' assignment of error to the effect that the trial court failed to find that the judgment in question was a judgment on a debt created for the purchase price of the land in question, notwithstanding evidence in the records sufficient to

uphold such finding." Although not in express language, this court has nevertheless considered this problem in a previous decision and has determined appellants' lien to be an ordinary judgment lien. This lien was defeated by respondents' homestead claim. Appellants' judgment is not a judgment on a debt "created for the purchase price of land" within the contemplation of Section 38-0-1, R. S. U. 1933. We have fully examined the authorities and find no case which has construed a judgment such as the one involved here as being "on debts created for the purchase price of land."

Appellants also urge that respondents cannot by fraud take appellants' money for the purchase price of land and then claim homestead exemption on that land to defeat appellants' right to a return of the amount paid ■ on the purchase price. If appellants had considered this originally, they might well be in a different position today with respect to their judgment. But instead of trying to enforce their contract with the Cleverlys, or in lieu thereof obtain a judgment against the land for the amount paid under the contract, they brought an action to rescind the contract and obtained a judgment as for money had and received. *Brown* v. *Cleverly*, 93 Utah 54, 70 P. 2d 881.

Petition for rehearing is denied.