# McMURDIE v. CHUGG et al.

No. 6278.  Decided November 18, 1940.  (107 P. 2d 163.)

404

*H. A. Sjostrom* and *Jesse P. Rich,* both of Logan, for appellant.

*George D. Preston,* of Logan, for respondent.

WOLFE, Justice.

Appellant, plaintiff below, recovered judgment against defendants for $634.48, the face value and interest on certain notes representing the balance due on the purchase price for certain land and water stock, and also for $100 for attorney's fees necessitated by the bringing of action. The lower court held, however, that plaintiff did not have a vendor's lien on said property and was not entitled to sale on execution because the property constituted the homestead of defendants (respondents) and was protected from foreclosure by Article XXII, Sec. 1 of the Utah Constitution. From that part of the judgment denying the vendor's lien and forbidding foreclosure of the property plaintiff appeals.

By written agreement in 1929 Annie S. Anderson agreed to sell to N. B. Chugg and Hazel S. Chugg for the sum of $3,500 the land and water rights in question. Thereafter, Annie S. Anderson executed and delivered to defendants a warranty deed conveying said property to them. Defendants paid part of the purchase price and gave Annie S. Anderson promissory notes for the balance. These notes are not in the record. The written agreement to sell made no reference to attorney's fees.

On January 1, 1933, Annie S. Anderson and defendants agreed that the sum of $440 was still due on the purchase price, and defendants thereupon executed and delivered to Annie S. Anderson two unsecured promissory notes—one for $140 and the other for $300—each providing for the payment of reasonable attorney's fees in the event collection by an attorney became necessary.

Annie S. Anderson died in November 1939 and in December 1939 plaintiff McMurdie was appointed administrator with the will annexed of her estate. In January 1940 plaintiff filed an amended and supplemental complaint seeking judgment for the face value plus interest on the notes and for attorney's fees.

The lower court held for plaintiff as hereinabove recited.

Appellant contends that a vendor's lien never ceased to exist in the seller and that the buyer, therefore, never acquired an unencumbered title to the land and cannot assert a homestead exemption to cut off the vendor's lien and relies on Sec. 38-0-1, R.S.U.1933. Defendants, on the other hand, insist that under Sec. 1, Article XXII of the Utah Constitution they are given an absolute homestead exemption and that any statute providing that a lien may be asserted on land properly claimed as a homestead is unconstitutional and, moreover, that the seller accepted promissory notes for the unpaid balance of the purchase price, and thus waived her vendor's lien if any existed.

The questions to be resolved are (1) whether Sec. 38-0-1, R.S.U.1933, is constitutional insofar as it allows execution on land for the purchase price over the claim of a homestead exemption and (2) whether a seller retains his vendor's lien on land until he is fully paid even though he takes promissory notes in the amount of the unpaid purchase price.

Article XXII, Sec. 1 of our Utah Constitution provides:

"The Legislature shall provide by law, for the selection by each head of a family, an exemption of a homestead * * * from sale on execution.

The language is mandatory and leaves no choice to the Legislature.

Sec. 38-0-1, R.S.U.1933, provides:

"A homestead * * * shall be exempt from judgment lien and from execution or forced sale, except upon the following obligations: * * * debts created for the purchase price thereof."

Respondent insists that the statute quoted is unconstitutional in that it conflicts with Sec. 1 of Article XXII and cites *Volker-Scowcroft Lumber Co.* v *Vance*, 32 Utah 74, 88 P. 896, 125 Am.St.Rep. 828. But that case is readily distinguishable. There plaintiff sought to assert a mechanic's lien for certain work done on the homestead but this Court declared that the statute permitting him to assert his mechanic's lien was unconstitutional because it conflicted with Article XXII, Sec. 1 of the Constitution. Plaintiff there sought to assert a lien against an existing homestead already vested in defendant. That he could not do under the Constitution. But in the instant case appellant points out that respondents never acquired a homestead in the land in that full and clear title to said alleged homestead has never vested in them because they have never fully paid the purchase price and discharged the vendor's lien. There is a great difference in protecting one's homestead to which he has acquired clear title from sale on execution for later incurred obligations and in providing that a buyer is not entitled to a homestead exemption until he has fully paid the purchase price for said homestead. The Volker-Scowcroft case is not in point here.

In *Harris* v. *Larsen*, 24 Utah 139, 66 P. 782, we held that a seller of land who agreed to accept a certain number of hogs as part of the purchase price but did not receive the full number and obtained judgment for failure to deliver the hogs, to satisfy his judgment might levy execution on the land even though it be claimed by the buyer as a homestead because the debt grew out of the sale of the land. We see no reason now for changing our ruling that a purchaser may not claim a homestead exemption to defeat the vendor's lien. To hold that he might do so would enable purchasers of land to deceive and defraud innocent sellers by relying on homestead rights as a defense to the payment of a just debt or obligation created for the purchase of said land. *Harris* v. *Larsen*, supra.

In *Evans* v. *Jensen,* 51 Utah 1, 168 P. 762, L.R.A.1918B, 812, we held that a mechanic's lien which attached to certain property when its owner was single and therefore not entitled to a homestead exemption could not be defeated later when the owner married and sought to claim the property as his homestead. Existing liens on property cannot be defeated by subsequently claiming said property as a homestead.

In *Brown* v. *Cleverly,* 96 Utah 120, 85 P.2d 769, we indirectly held Sec. 38-0-1, R. S. U. 1933, to be valid insofar as it provides that execution on "debts created for the purchase price" of land shall not be defeated by the homestead exemption therein provided, by holding appellant's lien to be an ordinary judgment lien which was defeated by respondent's homestead claim and not a judgment on a debt created for the purchase of land.

But we are confronted with a further question as to the amount of said vendor's lien. At the time when the agreement to sell is entered into, a lien in the amount of the unpaid, purchase price attaches to the land. The lien for that amount, or part of that amount if payments are made by the buyer, continues and cannot be defeated by a later arising claim of a homestead exemption. Moreover, interest as agreed between the parties or, in the absence of agreement, legal interest on the unpaid purchase price is included in the amount of the lien which is prior to the claimed homestead exemption right. Interest arises out of and is in effect a very part of the unpaid purchase price, therefore, the land is subject to its payment prior to claims arising later. *Green* v. *Johnson,* Tex. Civ. App., 44 S. W. 6; 66 C.J. 1232, Sec. 1109. It should be noted that the interest rate of 6% agreed upon by the parties is the legal rate provided by statute at present and is less than the statutory rate in effect when the notes were executed, therefore, we are not confronted with questions which may be raised where notes provide for an interest rate higher than the statutory maximum rate.

From the record it appears that no provision for attorney's fees in the event of necessity of legal action to collect the unpaid purchase price was made in the agreement of sale. The promissory notes given at the time of sale by the purchaser for the unpaid balance are not before us so we are unable to know whether provision was made therein for attorney's fees. There are no allegations in the pleadings that such provision was made. Nearly four years later, to wit, January 1, 1933, when the parties reached an agreement as to the amount of the purchase unpaid and the purchaser executed new promissory notes to cover the amount unpaid, a provision was made for payment of attorney's fees in the event of suit for collection.

In *Bullard* v. *Mayne,* Tex.Civ.App., 49 S.W. 522, the Texas Court said:

"The only question raised by the assignment of error is that the court erred in foreclosing the lien on the land in question for the attorney's fees. We think this assignment well taken. At the time that the first vendor's lien note was given, there was no stipulation therein concerning attorney's fees. When the subsequent note (the one sued upon) was given in lieu of the first, which included attorney's fees, the property in question had become the homestead of Bullard. This new sum arose by reason of the new contract, and was no part of the original note. Consequently, the lien attempted to be created for the attorney's fees at a time when the property was the homestead was invalid. *Inge* v. *Cain,* 65 Tex. [75] 77; *Hays* v. *Hays,* 66 Tex. 606, 1 S. W. 895."

With that reasoning we agree. The vendor at the time of sale retained a lien in the amount of the unpaid purchase price plus interest. That lien was paramount to all later arising claims including a homestead.

But upon entering into an agreement to purchase the land and paying part of the purchase price the buyer acquired an interest in said land which he could under our Constitution designate as his homestead. This interest, however, was inferior to the vendor's lien. And under our statutes his homestead "shall be exempt from judgment lien and from execution or forced sale." The obligation

to pay attorney's fees arose still later when the homestead already was protected against a lien or forced sale for said attorney's fees. The lien for the purchase price was present and attached to the land when the buyer acquired his interest. He, therefore, could not intrude a homestead exemption to defeat said lien. But conversely the buyer's interest was present, and vested and therefore protected by a homestead exemption before his liability for attorney's fees arose. That liability, therefore, cannot be thrust forward and be made to defeat his homestead exemption. See *Farnsworth* v. *Pepper*, 27, Idaho 154, 148 P. 48; 66 C.J. 1232, Sec. 1111. But see also *Guarantee Trust & Banking Co.* v. *American National Bank*, 15 Ga.App. 778, 84 S.E. 222; *Tinsley* v. *Moore*, Tex.Civ.App., 25 S.W. 148; *Green* v. *Johnson,* supra; *Weeks* v. *Goldstein,* Tex.Civ.App., 228 S.W. 540 and other cases to the effect that an agreement as to attorney's fees made at time of sale constitute said fees a part of vendor's lien which takes priority over homestead exemption.

We hold, therefore, that Sec. 38-0-1, R. S. U. 1933, does not conflict with Sec. 1 of Article XXII of our Constitution; that a seller has a vendor's lien for the purchase price of land plus legal interest (or lesser interest if so agreed) at the time he sells it, and the buyer cannot escape that lien by claiming the land for a homestead. But said homestead exemption does protect said land against forced sale for attorney's fees provided for in promissory notes issued subsequent to the sale.

The only question remaining is whether or not in accepting unsecured promissory notes in the amount of the unpaid purchase price appellant waived her right to assert her vendor's lien on the land for the unpaid balance. We hold that she did not. The Supreme Court of California has held in *Finnell* v. *Finnell,* 156 Cal 589, 105 P. 740 (Syl. 10), 134 Am. St. Rep. 143:

"The right of a vendor to enforce his liens continues so long as an action may be commenced for the purchase money, and, where a note

for the price is given, an action to enforce the lien may be commenced at any time before an action is barred on the note."

27 R. C. L. Sec. 319, p. 576 states:

"The [vendor's] lien is not waived or repelled by the taking of the purchaser's independent obligation or promise to pay the purchase money, such as his note, or even his personal bond, as these are regarded as mere evidence of the indebtedness."

It is a well-established rule of law that a vendor does not waive his vendor's lien for the purchase price simply by taking the vendee's own personal note for the amount due. If the vendor accepts the obligation of a third party or if he expressly waives his lien it may be extinguished but the taking of the personal unsecured promissory note of the buyer cannot be held to be a waiver of the lien. On this point see notes in 35 L. R. A., N. S., 91; 13 L. R. A. 187; 137 Am. St. Rep. 200; 86 Am. St. Rep. 163; 38 Am. St. Rep. 825; 47 Am. Dec. 111; 39 Am. Dec. 202.

In this case we find no express or implied waiver of the vendor's lien and we hold that the acceptance of the unsecured personal promissory notes of the buyer cannot be construed to constitute a waiver of said lien.

The cause is reversed and remanded to the District Court with directions to enter judgment in accordance with this opinion. Costs to appellants.

MOFFAT, C. J., and McDONOUGH and PRATT, JJ., concur.

LARSON, J., dissents.