385 P.2d 155

**RICH COOPERATIVE ASSOCIATION,**
**Plaintiff and Appellant,**

v.

**Orval DUSTIN, Defendant and Respondent.**

No. 9830.

Supreme Court of Utah.

Sept. 19, 1963.

Stewart, Topham & Harding, Salt Lake City, for appellant.

Patterson, Foley & Phillips, Ogden, for respondent.

HENRIOD, Chief Justice.

Appeal from a judgment declaring that a fee owner subject to a life estate, having possession of part of the property by sufferance of the life tenant can assert a homestead exemption under our constitution and statutes. Affirmed. Costs to respondent.

So: We look at the constitution and the statutes. The constitution, Art. XXII, sec. 1, provides for a homestead exemption on "one or more parcels of lands * * * from sale on execution." Title 28–1–1, Utah Code Annotated 1953, says the homestead-exempted lands "may be in one or more localities" and the only exceptions favor tax liens, mortgage debts and purchase money obligations; Title 28–1–2 extends the exemption to the proceeds of sale of the interest involved.

Each side cites Panagopulos v. Manning [1] to support its contentions. Appellant refers to 89 A.L.R. 503, as a brief to the effect that remaindermen, in or out of possession, are not within the homestead privilege, since *right of possession* is the magic formula to assure homestead exemption rights. Appellant, in urging this conception, cites no case where the decision is based on legislation analogous or similar to that extant here. Mr. Justice Wolfe, in dissenting on petition for rehearing in the Panagopulos case, posed the question presented here.

---

1. 93 Utah 198, 69 P.2d 614 (1937).

To resolve this problem we hold that irrespective of the fact that language in the Panagopulos case possibly pays homage to the image on either side of the coin, the decision therein fairly supports our decision here, which is this: That a fee owner subject to a life estate can claim a homestead exemption under our constitution and statutes, irrespective of the question of possession.

McDONOUGH, CALLISTER, CROCKETT and WADE, JJ., concur.