**Harold S. SANDERS and Eleanor Sanders, Plaintiffs and Respondents,**

v.

**Donn E. CASSITY, Trustee, Defendant and Appellant.**

**No. 15515.**

Supreme Court of Utah.

Oct. 13, 1978.

4. Utah Code, 1953, Sec. 70A–9–502(1), as amended.

James B. Tadje, Romney, Nelson & Cassity, Salt Lake City, for defendant and appellant.

Bill Thomas Peters, Salt Lake City, for plaintiffs and respondents.

ELLETT, Chief Justice:

This case involves a dispute over the status of a judgment lien that existed prior to the date the debtor claimed a homestead exemption and prior to the time when the debtor conveyed the property to the respondents (hereafter referred to as "Sanders"). The pertinent facts are as follows:

Leoda Dunham (hereafter referred to as "Dunham") owned an undivided one-half interest in certain described real property together with two of the defendants. On May 14, 1971, the defendants, by and through their trustee (hereafter referred to as "appellant") obtained a judgment against Dunham for $11,549.43 plus costs of suit. An execution was issued on August 1, 1972, whereby the sheriff was directed to levy upon the property of Dunham. Sale was noticed up for September 13, 1972. On September 11, 1972, two days prior to the sale, Dunham signed a Declaration of Homestead in the amount of $4,600 and asserted the value of the property to be $3,600. The document was recorded with the Summit County Recorder. No sale was held.

On November 29, 1972, Dunham conveyed her interest in the property to Sanders, reserving a life estate for herself. In No-

vember, 1976, appellant again issued a writ of execution upon all non-exempt personal and real property belonging to Dunham in an attempt to satisfy the judgment. A sheriff's sale was held on December 7, 1976, and appellant bid the entire amount of his judgment for the property in the belief that he was acquiring the interest previously conveyed to Sanders.

Sanders instituted a quiet-title action against all the parties and the trial court granted their motion for summary judgment. Appellant now appeals the decision below, and the major issue to be resolved is whether or not the trial court erred in concluding that the conveyance from Dunham to Sanders passed free and clear of the appellant's prior lien.

U.C.A., 1953, 28–1–1 provides that a homestead is exempt from judgment lien and from execution or forced sale unless certain obligations exist. These exceptions are for (1) taxes, (2) judgments secured by mortgage and on debts created for the purchase price of the property, and (3) judgments rendered due to failure to support dependent children. None of the exceptions are involved in this matter.

It is further provided by statute as follows:

> The homestead must be selected and claimed by the homestead claimant by making, signing, and acknowledging a declaration of homestead . . . which declaration must, *before the time stated in the notice of sale on execution, or on other judicial sale,* as the time of sale, of premises in which the homestead is claimed, be delivered to and served upon the sheriff or other officer conducting the sale or recorded [with the county recorder] . . . . If no such claim is filed or served as herein provided, title shall pass to the purchaser at such sale free and clear of all homestead rights.[1] [Emphasis added.]

Thus, a declaration of homestead may be made at any time after judgment and before sale in order to claim the protection of Section 28–1–1. The debtor in the case before us complied with the statute by recording her homestead declaration two days prior to sale.

Appellant, however, argues that the statute exempts property from execution and forced sale pursuant to a judgment lien only when the homestead exists at the time the judgment lien is created. In other words, once a judgment lien is docketed, it is a valid lien that cannot be defeated by a subsequent homestead declaration. He relies on the wording of U.C.A., 1953, 78–22–1 which states:

> From the time the judgment is docketed it becomes a lien upon all the real property of the judgment debtor, not exempt from execution . . .

We are unpersuaded by this line of reasoning. The purpose of the homestead exemption of Article XXII, Section 1 of the Utah Constitution is to protect "the dependent and helpless" and to insure such persons shelter and support free from fear of forced sale.[2] It seems a reasonable inference to draw from this policy that the homestead right is created from the moment of taking title or possession, not merely from the time a formal declaration is made. Therefore, the requirements of Section 28–1–10 are designed to be used as a *defense* against execution or forced sale to a right that is already in existence—not to create the homestead interest for the first time through a formal recital. It is the occupancy of the premises that gives rise to the homestead claim.[3] The formalities in Section 28–1–10 also have as their purpose that of protecting innocent purchasers, who take at a judicial sale, from having their interest diminished by a subsequent homestead claim. Thus, the requirement is that any homestead interest must be declared prior to sale.

1. U.C.A., 1953, 28–1–10.

2. *In Re Mower's Estate,* 93 Utah 390, 73 P.2d 967 (1937).

3. *Panagopulos v. Manning,* 93 Utah 198, 69 P.2d 614 (1937).

If the legislature intended otherwise, the statute could easily have required that the declaration be made prior to judgment or upon conveyance or devise. It is obvious that the reason this was not done is because it is not necessary to raise the homestead exemption until after a judgment lien has been obtained and the occupant is faced with dispossession due to execution or forced sale.

■ The statutes must be read together and the most reasonable construction is that the homestead is immune from judgment lien, execution or forced sale, providing a formal declaration of the *existing* exemption is made prior to the time set for sale or execution.

■ Appellant relies on only one case to support his proposition, *McMurdie v. Chugg,*[4] and cites the following language therein: "Existing liens on property cannot be defeated by subsequently claiming said property as a homestead."[5] (I. e., after sale is made.) An examination of that case shows, however, that the debt in question there arose from the purchase price of the property, one of the exemptions that defeats the homestead claim in Section 28–1–1. Furthermore, the language referred to above was taken from *Evans v. Jensen,*[6] a case where the owner was not *entitled* to a homestead exemption at the time the lien attached. The court there held that a subsequent change of status (becoming the head of the household) after the lien attached to the property could not be used to defeat the existing purchase debt by claiming a homestead exemption.

In the case before us, Dunham was qualified as head of the household and was entitled to the exemption before the judgment lien was recorded. That she formally declared her already existing status after the judgment was docketed is of no consequence. In *Evans,* the exemption did not previously exist and could not later be created in order to defeat prior creditors. This is consistent with the general trend to protect the rights of a lienor providing the lien attached before the property was devoted to homestead use or before a family relationship existed.[7]

Having determined that Dunham's homestead right is properly within Section 28–1–1 and thus protected from judgment lien and execution or forced sale, we next must consider what effect the conveyance by Dunham to Sanders has on appellant's prior, existing lien.

■ The general rule is that the grantee of land on which a homestead is claimed acquires title exempt from the claims of the grantor's creditors; and if the claims cannot be asserted against the property while the title is in the grantor, they may not be enforced against the grantee.[8]

■ U.C.A., 1953, 28–1–2 codifies this general concept by describing the effect of a conveyance in the following language:

When a homestead is conveyed by the owner thereof such conveyance shall not subject the premises to any lien or encumbrance to which it would not be subject in the hands of the owner; . . .

It is clear, therefore, that property which is beyond the reach of the creditor due to a homestead exemption in the debtor will still be protected once the property is conveyed to another.

The trial court found that the value of the conveyed one-half interest in the subject property was less than the statutory exemption and that appellant produced no evidence of record to show the value exceeded the amount declared; therefore, the entire interest passed to Sanders free and clear of any lien represented by appellant's judgment.

■ Appellant claims this was error since in the action to quiet title he alleged that

---

4. 99 Utah 403, 107 P.2d 163 (1940).

5. Id. at 408, 107 P.2d at 166.

6. 51 Utah 1, 168 P. 762 (1917).

7. 40 Am.Jur.2d, Homestead, Sec. 94.

8. 40 Am.Jur.2d, Homestead, Sec. 116 and Sec. 86.

the property was worth $15,000. However, any objection to the value stated should have been raised at the time Dunham recorded her declaration of homestead interest. This was not done and no hearing was requested on the issue of value. The appellant's failure to raise an objection in the earlier proceeding constitutes a waiver, and he is estopped from raising it in a subsequent proceeding involving different parties, or from raising it now on appeal.

Since we find that the property interest was conveyed to Sanders free and clear of appellant's judgment lien by operation of law, it is unnecessary to discuss the issue raised as to whether or not Dunham's homestead interest also passed to the grantee. Such a determination would have no effect on appellant's lien. All other issues raised by appellant are without merit, and we decline to review them at this time.

The judgment is affirmed with costs awarded to Sanders.

MAUGHAN, WILKINS and HALL, JJ., concur.

CROCKETT, Justice (concurring with comments):

I agree with the holding of the main opinion that the conveyance of the subject property to the plaintiffs Sanders by their predecessor Leoda S. Dunham, who declared a homestead exemption therein, vested title to the plaintiffs free of any effect thereon by the defendant's judgment lien. However, I think it advisable to state some reservations from agreeing with the certain statements in the main opinion which are not necessary to the resolution of the issue presented in this case and which, if excerpted and applied in other circumstances, may give rise to difficulty.

My first reservation is to the statement that "the homestead right is created from the moment of taking title or possession, not merely from the time a formal declaration is made." It is undoubtedly true that the *right to declare* a homestead in property arises at the time the owner takes title.

However, he may own more than one piece of property. Consistent with the intent and purpose that is expressed in the homestead statute and decisional law thereon, he has a right to choose whichever tract of his property he desires (within the value limits) in selecting and declaring his homestead.

The second reservation is to the statement that "It is the occupancy of the premises that gives rise to the homestead claim." Based on the same reasons and purposes of the homestead act, I do not believe that the claimant must be in possession of the land to claim a homestead exemption thereon. The property so claimed might be land upon which he is planning to build his home, or it could be a home which he is leasing to another while he is compelled to be away on a work assignment, or some other kind of mission. Though it is true that some cases talk about possession of a homestead, it will generally be found that it depends upon the circumstance and upon the wording of the statutes.

Our statute says nothing about occupying the land, but gives the right to declare a homestead "consisting of lands." This Court has previously met this problem and has recognized that under our Constitution and statutes, the right of a homestead exemption does not depend on possession. In the case of *Rich Cooperative Ass'n v. Dustin,* 14 Utah 2d 408, 385 P.2d 155, 156, Chief Justice Henriod speaking for a unanimous court stated:

. . . a fee owner subject to a life estate can claim a homestead exemption under our constitution and statutes, *irrespective of the question of possession.* [Emphasis added.]