2005 UT App 303

Jerry HOUGHTON, Susan Houghton, Kendall R. Thomas, Marlene Thomas, and the 1995 Thomas Family Trust, Plaintiffs, Appellees, and Cross-appellants,

v.

Glen E. MILLER, Defendant, Appellant, and Cross-appellee.

No. 20040007–CA.

Court of Appeals of Utah.

June 30, 2005.

Glen E. Miller, Draper, Appellant Pro Se.

Douglas F. White, Bountiful, for Appellees.

Before Judges DAVIS, GREENWOOD, and ORME.

## OPINION

DAVIS, Judge:

¶ 1 Plaintiffs cross-appeal[1] from the trial court's order declaring that Defendant and his wife, Lori L. Miller (Wife), are entitled to a primary personal residence homestead exemption (PPR exemption) in their property located at 358 North 100 East, Tooele, Utah (the property). Plaintiffs argue that the trial court erred in determining that the property qualified for the PPR exemption, see Utah Code Ann. § 78–23–3 (2002), at the time Plaintiffs established a lien on the property and that their prejudgment writ of attachment on the property was subject to Defendant's subsequent homestead declaration. We reverse.

## BACKGROUND[2]

¶ 2 In November of 2000, Plaintiffs sued Defendant for fraud. On March 26, 2001, the Third District Court for Tooele County, pursuant to rule 64C of the Utah Rules of Civil Procedure, ordered a prejudgment writ of attachment against the proper-

ty. The clerk of the Third District Court signed the writ of attachment on April 17, 2001, and Plaintiffs recorded the prejudgment writ of attachment order in the Tooele County Recorder's Office on June 15, 2001. At that time, neither Defendant nor any member of his family resided at the property—their primary residence was elsewhere in Tooele.

¶ 3 On March 27, 2002, Defendant was incarcerated in the Utah State Prison. The trial court found that thereafter Wife prepared to move to the property by making repairs to the house on the property. The trial court found that Wife occupied the property in "March or May" of 2003. On March 26, 2003, Wife filed a declaration of homestead on the property.

¶ 4 On April 10, 2003, the trial court entered a judgment against Defendant in the amount of $271,398. On May 1, 2003, the trial court issued a writ of execution against the property and scheduled a sale of the property, subject to execution, for July 23, 2003. Defendant, however, opposed the sale and filed a request for hearing on the writ of execution. The trial court ordered a stay of execution and held a hearing on August 4, 2003. The court ruled that the property was subject to the PPR exemption. On December 4, 2003, the trial court issued an order declaring that Plaintiffs' March 26, 2001 prejudgment writ of attachment was subject to Wife's declaration of homestead, filed on March 26, 2003. The court ordered the sheriff to proceed with the sale of the property, but indicated that Defendant and Wife were each entitled to a $20,000 PPR exemption in the property in accordance with section 78–23–3. Plaintiffs cross-appeal the trial court's order.

1. Defendant's appeal was dismissed by order of this court for his failure to file Appellant's Brief within the time permitted by Utah Rule of Appellate Procedure 26(a). We, therefore, decide Plaintiffs' cross-appeal and Defendant's response thereto.

2. Although Defendant challenges several of the trial court's findings of fact, we nonetheless adopt the trial court's findings because Defendant has failed to marshal the evidence in support of those findings. "A party challenging a fact finding must first marshal all record evidence that supports the challenged finding."

Utah R.App. P. 24(a)(9). "After marshaling the evidence supporting the trial court's findings, the [party] must then show that these same findings are so lacking in support as to be against the clear weight of the evidence, thus making them clearly erroneous." West Valley City v. Majestic Inv. Co., 818 P.2d 1311, 1315 (Utah Ct.App.1991) (quotations and citation omitted). "Where [a party] fails to so marshal the evidence, we need not consider the challenge to the sufficiency of the findings." Tanner v. Carter, 2001 UT 18, ¶ 17, 20 P.3d 332.

## ISSUES AND STANDARD OF REVIEW

¶ 5 Plaintiffs appeal the trial court's determination that the property qualified for the PPR exemption and that Plaintiffs' prejudgment writ of attachment on the property was subject thereto. The trial court's conclusions addressed questions of law. "A trial court's determination of the law is reviewed under a correctness standard; we afford no degree of deference to a trial judge's determination of the law." *United States Fuel Co. v. Huntington–Cleveland Irrigation Co.*, 2003 UT 49,¶ 9, 79 P.3d 945.

## ANALYSIS

¶ 6 The central issue in this case is whether Wife's homestead declaration affected the property, which was not otherwise qualified for a PPR exemption at the time Plaintiffs' lien attached thereto.[3] In their reply brief, Plaintiffs concede that Defendant and his wife are each entitled to the $5000 exemption for "property which is *not* the primary personal residence of the individual." Utah Code Ann. § 78–23–3(2)(a)(i) (2002) (emphasis added).

¶ 7 Although the trial court, in its order granting Defendant the PPR exemption, correctly ruled that under *Sanders v. Cassity*, 586 P.2d 423 (Utah 1978), a homestead declaration may be made at any time after judgment and before sale, the court overlooked the important distinction between making a homestead declaration and qualifying for a homestead exemption. While it is true that a property owner may declare a homestead exemption at any time prior to sale of the property, *see id.* at 425, that property must qualify for an exemption prior to attachment of a lien. In *Sanders*, the Utah Supreme Court declared that "the homestead is immune from judgment lien, execution[,] or forced sale, providing a formal declaration of *existing* exemption is made prior to the time set for sale or execution." *Id.* at 426. The court noted that the requirements of the

homestead exemption are "designed to be used as a defense against execution or forced sale to a right that is already in existence— not to create the homestead interest for the first time through a formal recital. It is the occupancy of the premises that gives rise to the homestead claim." *Id.* at 425 (emphasis omitted).

¶ 8 The court in *Sanders* relied on its previous ruling in *Evans v. Jensen*, 51 Utah 1, 168 P. 762 (1917),[4] and explained that in *Evans* the property owner could not declare a homestead exemption because he was "not *entitled* to a homestead exemption at the time the lien attached." *Sanders*, 586 P.2d at 426. The property owner's "subsequent change of status (becoming [qualified for the exemption]) after the lien attached to the property could not be used to defeat the existing purchase debt by claiming a homestead exemption." *Id.* The *Sanders* court reiterated that in *Evans* the exemption "did not previously exist and could not later be *created* in order to defeat prior creditors. This is consistent with the general trend to protect the rights of a lienor providing the lien attached before the property was devoted to homestead use or before a family relationship existed." *Id.* Other jurisdictions have similarly held that the subsequent creation of a homestead right does not defeat an existing attachment lien. *See Noble v. McKeith*, 127 Mich. 163, 86 N.W. 526, 527 (1901); *Ex Parte Morrow*, 183 S.C. 170, 190 S.E. 506, 509 (1937).

¶ 9 The trial court erroneously concluded that it was irrelevant that Defendant and Wife "may not have been in occupancy on the property at the time of the prejudgment [w]rit of [a]ttachment, or at the time of judgment." This determination was based on the court's incorrect conclusion that occupancy is not a requirement for the PPR exemption under either statute or Utah caselaw. In support of this proposition, the trial court relied on *Rich Cooperative Ass'n v. Dustin*,

---

3. Although Defendant raises myriad other issues, given the scope of Plaintiffs' appeal, we do not reach them.

4. Although the lien in *Evans v. Jensen*, 51 Utah 1, 168 P. 762, 764 (1917), involved a mechanic's

lien, the issue in that case was whether property owner qualified for an exemption, as the head of the household, prior to the attachment of the lien.

14 Utah 2d 408, 385 P.2d 155 (1963), wherein the court held "[t]hat a fee owner subject to a life estate can claim a homestead exemption under our constitution and statutes, irrespective of the question of possession." *Id.* at 156. Other Utah cases have similarly held that occupancy is not a requirement of the homestead exemption. *See, e.g., Zuniga v. Evans,* 87 Utah 198, 48 P.2d 513, 523 (1935).

¶ 10 We determine, however, that occupancy is a requirement for the PPR exemption. Section 78–23–3(2)(a)(i)–(ii) provides for separate exemptions depending on whether the property is a primary personal residence or not. "Primary personal residence" is defined as a "dwelling or mobile home and the land surrounding it, not exceeding one acre, as is reasonably necessary for the use of the dwelling or mobile home, in which the individual and the individual's household *reside.*" Utah Code Ann. § 78–23–3(1) (emphasis added). The clear language of section 78–23–3(1) requires that a property owner must "reside" on the premises in order to qualify for the PPR exemption. *Id.* Furthermore, our decision is not inconsistent with prior case law declaring that occupancy is unnecessary. In *Rich,* for example, the Utah Supreme Court analyzed the homestead exemption statute in existence at that time, which gave property owners the right to declare a homestead on multiple parcels of land, *see Sanders,* 586 P.2d at 427 (Crockett, J., concurring), but did not distinguish between a "primary personal residence" and other property, *see* Utah Code Ann. § 78–23–3(1). Accordingly, Defendant did not qualify for the PPR exemption until Wife occupied the premises. We must determine, therefore, whether Defendant qualified for the PPR exemption, by Wife's occupancy of the property, before Plaintiffs' lien attached to the property.

¶ 11 We conclude that Plaintiffs' lien attached to the property on June 15, 2001, when Plaintiffs filed the trial court's order authorizing the prejudgment writ of attachment in the Tooele County Recorder's Office. *See* Utah R. Civ. P. 64C(e)(1) (2004) ("Real property, standing upon the records of the county in the name of the defendant, must be attached by filing with the recorder of the county a copy of the writ . . . ."); [5] *see also Jensen v. Eames,* 30 Utah 2d 423, 519 P.2d 236, 238 (1974) ("[W]hen property is levied upon pursuant to a writ of attachment, plaintiff acquires an inchoate or contingent lien or interest in the property attached."). Because neither Defendant nor Wife occupied the property at the time Plaintiffs' lien attached, the property did not qualify for the PPR exemption, and Defendant could not later claim the PPR exemption after Wife moved onto the property.

## CONCLUSION

¶ 12 We conclude that the trial court erred in determining that the property qualified for the PPR exemption and that the PPR exemption operated to defeat Plaintiffs' lien on the property. Therefore, we reverse the trial court's grant of the PPR exemption to Defendant and Wife, and we modify the court's order to grant both Defendant and Wife each a $5000 exemption in the property. *See* Utah Code Ann. § 78–23–3(2)(a)(i) (2002) ("An individual is entitled to a homestead exemption consisting of property in this state in an amount not exceeding: (i) $5,000 in value if the property consists in whole or in part of property which is not the primary personal residence of the individual . . . ."); Utah R.App. P. 30(a) ("The court may reverse, affirm, modify, or otherwise dispose of any order or judgment appealed from.").

¶ 13 WE CONCUR: PAMELA T. GREENWOOD and GREGORY K. ORME, Judges.

---

5. We do not address any additional requirements for attachment contained in Utah Rule of Civil Procedure 64C as they are not at issue before us. *See* Utah R. Civ. P. 64C (2004).