BIGHAM v. CHAMLEE et al.

HILL, J. This was an equity suit, and the plaintiff in order to obtain equity must do equity. The trial judge was authorized to find from the evidence that there was no tender by the plaintiff of the principal, interest, and costs due on the fi. fa.; and even if it be conceded that the judgment for the attorney's fees was void, the judge did not err in refusing an injunction against Chamlee and the sheriff, because the plaintiff did not offer to do equity by making the tender above referred to.          *Judgment affirmed. All the Justices concur.*
No. 846. OCTOBER 17, 1918. REHEARING DENIED NOVEMBER 18, 1918.

Injunction. Before Judge Park. Hancock superior court. February 4, 1918.

E. W. Bigham brought a petition against A. K. Chamlee, A. E. Robertson, and B. A. English, sheriff of Washington county, for injunction, and other equitable relief, making substantially the following allegations: On August 23, 1916, he exchanged certain lands with Robertson for other described lands in Washington county which Robertson claimed to own, but did not, and for which Robertson, on August 25, 1915, contracted with A. K. Chamlee, the owner, to purchase, paying Chamlee $1,000 of the purchase-money, giving his note due in sixty days for $6,736, and taking bond from Chamlee to convey title to Robertson upon payment of the note. The note was not paid, and Chamlee brought suit thereon. The note stipulated for 10 per cent. attorney's fees, but no prayer for attorney's fees was contained in the petition. By consent of Robertson verdict and judgment were taken in favor of Chamlee for $6,736 principal, $651.13 interest, and 10 per cent. as attorney's fees, amounting to $736.71. A fi. fa. was issued upon the judgment, and was levied upon the land in Washington county which plaintiff obtained by exchange with Robertson. The fi. fa. is proceeding illegally because of the attorney's fees included therein, and plaintiff seeks to enjoin the sale of the land thereunder. Robertson holds the bond for title executed by Chamlee, and refuses to recognize that the possession of this bond by him inures to the benefit of the plaintiff; and plaintiff asks that it be brought into court and canceled upon his paying the principal, interest, and costs due on the fi. fa., in which event Chamlee should transfer to plaintiff the title to the land. Robertson admits holding the bond for title from Chamlee, but refuses to transfer and deliver the same, because of other demands he makes

upon the plaintiff. Chamlee insists that his fi. fa. legally includes the item of attorney's fees, etc.

The case was submitted on affidavits and argument of counsel, after which the court restrained the defendant Robertson until further order, but refused an injunction against Chamblee and the sheriff; and the plaintiff excepted.

*F. A. Hooper,* for plaintiff. *R. N. Hardeman,* for defendants.