27748. CARMICHAEL *v.* GUENETTE.

DECIDED NOVEMBER 29, 1939.   REHEARING DENIED DECEMBER 19, 1939.

*Robert R. Forrester, R. D. Smith,* for plaintiff in error.
*Steve F. Mitchell, C. A. Christian,* contra.

STEPHENS, P. J.   Henry Guenette brought suit against H. C. Carmichael trading as Georgia Implement Company, alleging that the defendant was indebted to him $764.50, with interest from November 4, 1937, less credit thereon for hire and depreciation; that on September 16, 1937, the plaintiff purchased of the defendant a tractor and a hay-press for $1215, and also purchased from the defendant a peanut picker for $630, paying thereon a motor truck of the agreed value of $450, and in addition thereto the plaintiff paid $324.50 in instalments, making a total paid of $764.50; that on November 4, at a time when the plaintiff's payments were not in arrears and when proper extension until November 5 had been granted to the plaintiff for payment of an instalment, the defendant came to the farm of the plaintiff while the plaintiff was away in another county and repossessed the above-named articles without any legal process; that the defendant thereby rescinded the sale contracts for these articles; that the reasonable hire of the property from September 16 until November 4 was $50 per month, and that the defendant has failed and refused to refund to the plaintiff the amount of such payments less the reasonable value for hire and depreciation.

The defendant denied that he was indebted to the plaintiff. He alleged in his answer that the articles purchased of him by the plaintiff were purchased under conditional-sale contracts and that the plaintiff defaulted in the payment of the amounts stated

therein; that he elected to avail himself of the provisions contained in the contracts, and in accordance therewith advertised the property for sale, and at the sale sold the property for $400, which sum was credited on the amounts due by the plaintiff; and that before selling these machines the defendant stored them in order to give the plaintiff additional time to pay the past-due instalments which he failed and refused to pay, leaving the defendant no alternative other than to sell the property to pay the balance due.

The trial resulted in a verdict in the plaintiff's favor for the amount paid by him on the machinery, less a sum allowed by the jury as a reasonable rent for the use thereof. The defendant moved for a new trial which was overruled, and to this judgment he excepted.

The evidence tended to support the allegations of the plaintiff's petition except that it did not appear from the evidence that when the defendant repossessed the farm machinery the plaintiff's payments were not in arrears. The evidence conclusively showed that the plaintiff was in arrears at that time. The notes given by the plaintiff for the deferred payments of the purchase-price of this machinery provided as follows: "If at any time default shall be made in the payment of any sum due on this note or any other note given herewith, . . then the entire balance of the purchase-price, including this note, then remaining unpaid shall at the option of the holder hereof become due and payable and it shall be lawful for the said holder hereof to take immediate possession of said property wherever found and remove, sell, and dispose of the same or any part thereof" at public or private sale, and out of the proceeds arising from the sale to pay costs and expenses including attorney's fees, together with the amount of principal and interest due and unpaid on the purchase-price, tendering the surplus, if any, to the purchaser.

On the question as to the extension of time for the payment of the past-due deferred payment on this machinery, the evidence for the plaintiff showed as follows: On November 3, 1937, when there was past due by the plaintiff at least $78 on this machinery, the plaintiff called on the defendant about this indebtedness and asked the defendant what he owed, and requested that the defendant wait for the past-due indebtedness until Saturday, which was November 5, and the defendant said "All right, I will wait for you until

Saturday," and the plaintiff then bought $2 or $3 worth of equipment for the machinery from the defendant. On the next day, November 4, the plaintiff went to Cordele, Georgia, and when he returned to his farm that afternoon the defendant, without any legal proceedings, had repossessed all of the machinery. During the time the plaintiff had possession of this machinery, which was from the middle of September until November 4, 1937, there was considerable rain, and he could use the machinery for only about eleven days. The plaintiff told the defendant that there was so much rain he had not had much work to do, and that he would be a "little close" for money, and the defendant said "Don't worry, I will not be hard on you." The plaintiff understood that if he missed a payment for two or three days the defendant would wait until the next day, and that if the defendant had waited on him until November 5, which was Saturday, he could have paid the full balance due. The plaintiff is now able to pay the full balance. In the language of the plaintiff, "I could have paid the $700, I am able to pay the full value, he asked me to pay the full $1200, I was not able to do it at the present time." It appeared from the evidence that the plaintiff was a Frenchman and could not read English to any appreciable extent. He testified: "Mr. Carmichael repossessed all of this equipment after I made payment of $750 [not accurate] and exacted full payment of the balance before he will surrender it. . . I did not consent to Mr. Carmichael moving this property on November 4th. I understood I had until the 5th to make that instalment. I could have borrowed the money. . . Many places in Tifton I could get $67.50 quick. He violated the agreement."

The right of forfeiture for noncompliance with the terms of a conditional-sale contract being for the benefit of the seller, there may be a waiver of strict compliance with the terms and provisions thereof so as to prohibit the seller from exercising his right to declare a forfeiture on account of the buyer's failure to comply therewith. A waiver of strict compliance with the terms of the contract providing for instalment payments may be made so as to prevent the vendor from declaring a forfeiture on account of the vendee's failure to pay the instalment promptly upon the date fixed in the contract.

No general rule as to what amounts to a waiver can be laid down

other than that the right of forfeiture is waived by acts of conduct inconsistent with the enforcement of the right or the intention to rely on it. The seller will not be permitted to declare a forfeiture of the rights of the buyer for non-performance of the vital terms and conditions of the contract where such non-performance has been with the express or clearly evinced tacit consent of the seller. 55 C. J. 1220, and cases cited, notes 50, 51, 52, 53. Where the conditional seller grants an extension of time for payment of money due under the contract, the general rule is that he waives the default in payment and the right to forfeit the contract for that default until the expiration of the extension period, although the extension was without a new consideration. 55 C. J. 1229. It was held in Reinkey v. Findley Electric Co., 147 Minn. 161 (180 N. W. 236), that the conditional seller can not make a nonpayment, which it induced by an agreement to extend the time, although the agreement is without consideration, a ground for forfeiting the contract. The doctrine rests upon the ground of estoppel or of waiver. A contract will not be so construed so as to authorize one of the parties to take advantage of his own wrong, unless it is plain and manifest that such was the intention of the parties. *Finlay* v. *Ludden & Bates Southern Music House,* 105 *Ga.* 264 (31 S. E. 180).

The contract in this case is not a contract by which the entire amount becomes automatically due by its terms upon a failure of the purchaser to pay on the dates specified therein, but is a contract by which the seller may at his option declare the entire balance due upon default by the buyer in the payment of instalments under the contract. The forfeiture of the buyer's right under the contract does not take place by operation of law on his default, but in order to put an end to the contract and forfeit the buyer's rights thereunder it is indispensable that the seller should do some specific act such as a demand for performance, or for possession of the property, or for payment of the balance due. See 55 C. J. 1218. The courts do not favor forfeitures and penalties. Under the facts of this case, we are of the opinion that the defendant, after having told the plaintiff, on November 3, that he would wait until November 5 for the past-due payment, and the plaintiff, relying thereon, absented himself from the county, could not, under the provisions of the contract, rightfully go to the plaintiff's home and

take possession of this machinery and refuse to deliver it to the plaintiff unless the entire balance of the deferred payments was paid. The defendant, on the very next day after he agreed to extend the time for the payment of the past-due instalment for two days, without demanding the property or without in any way notifying the plaintiff of his intention to exercise his rights under the conditional-sale contract to repossess the property and declare the entire balance due, wrongfully repossessed this machinery. *Smith v. Gholstin,* 45 *Ga. App.* 287, 288 (4) (164 S. E. 217), and cit.

The general rule is that where the conditional seller wrongfully retakes possession of the property sold the buyer may maintain an action to recover the amount paid on the purchase-price less the reasonable value of the hire or use of the property while in the buyer's possession. See 55 C. J. 1319, 1320; *A. G. Rhodes &c. Furniture Co.* v. *Jenkins,* 2 *Ga. App.* 475 (58 S. E. 897). See *General Motors Acceptance Corporation* v. *Coggins,* 178 *Ga.* 643 (173 S. E. 841) ; *Coggins* v. *General Motors Acceptance Cor.,* 47 *Ga. App.* 314 (170 S. E. 308).

The defendant, by amendment, added three special grounds to his motion for new trial. An inspection of the brief of the plaintiff in error, who was the defendant in the trial court, fails to disclose any insistence upon these grounds, and this court will treat them as having been abondoned. *Goodson* v. *State,* 50 *Ga. App.* 91 (176 S. E. 916), and cit. The evidence authorized the verdict for the plaintiff and the judge did not err in overruling the motion for new trial.

*Judgment affirmed. Sutton and Felton, JJ., concur.*