## 19394.  MILLER, Administrator, v. LEVENSON.

CANDLER, Justice.  B. R. Miller, Jr., as administrator of the estate of B. R. Miller, Sr., brought an action for equitable relief against Irvin Buddy Levenson in the Superior Court of Fulton County.  So far as need be stated, the petition alleges: Prior to his death during March, 1955, B. R. Miller, Sr., gave Carl J. Tkatch and Josephine Y. Tkatch a note for approximately $15,000, and to secure its payment executed and delivered to them a loan deed for described realty in Cobb County worth approximately $20,000.  The grantees on or about October 5, 1955, transferred the loan deed and the secured note to the defendant, but the transfer as made did not in terms of law empower the defendant to exercise the power of sale contained in the security deed.  No demand has been made on the plaintiff for the payment of any instalment due on the secured debt, especially since its transfer on October 5, 1955.  The defendant advertised the land conveyed by the loan deed for sale and sold it to himself on January 3, 1956, for $7,500, which purchase price was about one-third of its true value and about one-half of the loan indebtedness against it.  For lack of power to sell, the deed which the defendant executed to himself is invalid, a cloud on the plaintiff's title, and being void, should be canceled, and there is a prayer for such relief.  The petition was dismissed on general demurrer and the exception is to that judgment.  *Held:*

1. "He who would have equity must do equity, and give effect to all equitable rights in the other party respecting the subject-matter of the suit." Code § 37-104.  In this case the petition shows that the secured debt, or at least a part of it, was past due when this suit was filed, and there is no allegation in the petition that the amount due was paid or tendered to the holder of the note prior to the institution of this litigation.  In these circumstances it is well settled by numerous decisions of this court that the petition failed to state a cause of action for the relief sought.  See *Bigham* v. *Chamlee,* 148 *Ga.* 488 (97 S. E. 407); *Universal Chain Theatrical Enterprises* v. *Oldknow,* 176 *Ga.* 492 (168 S. E. 239); *Biggers* v. *Home Building & Loan Assn.,* 179 *Ga.* 429 (176 S. E. 38); *Redwine* v. *Frizzell,* 184 *Ga.* 230 (190 S. E. 789); *Oliver* v. *Slack,* 192 *Ga.* 7 (14 S. E. 2d 593).

2. Since the petition failed to state a cause of action for the relief sought, the trial judge properly dismissed it on general demurrer.

*Judgment affirmed.  All the Justices concur.*

SUBMITTED JUNE 13, 1956—DECIDED JULY 10, 1956.

*Joseph S. Crespi,* for plaintiff in error.

*H. C. Schroeder, Robert Carpenter,* contra.