37719. NORWOOD REALTY COMPANY *v.*
FIRST FEDERAL SAVINGS & LOAN ASSOCIATION
OF ATLANTA.

DECIDED JUNE 9, 1959.

694

*Young H. Fraser, Noah J. Stone,* for plaintiff in error.

*Johnson, Hatcher, Meyerson & Irvin, Henry M. Hatcher, Jr.,* contra.

TOWNSEND, Judge. ■ Code (Ann.) §§ 37-608, 37-609 and 37-610 provide for confirmation of a sale under power where the sale fails to realize the amount of the indebtedness and where it is reported to the judge of the superior court of the county in which the land lies within 30 days, provided the debtor had proper notice, the sale was duly advertised and regularly conducted and the property brought its true market value on the foreclosure sale. It is first contended by the plaintiff in error that the Fulton County action ended in a money judgment in favor of the bank, which must be enforced by execution under Code § 37-1207 and constitutes a bar to the exercise of the power in the deed to secure debt. Even conceding that the injunction suit, in which no money judgment in favor of the bank was sought, constituted such a judgment as might be enforced by execution, the creditor is not put to an election of remedies in such case but may pursue both concurrently until his debt is satisfied by either. *Oliver* v. *Slack,* 192 *Ga.* 7 (2) (14 S. E. 2d 593).

■ It is next contended that the bid of $642,000 is in excess of the indebtedness of $154,521.67, principal and interest due under the first of the series of notes executed by the defendant to the plaintiff and secured by the deed to land described therein in part by reference to a plat of Drew Valley Subdivision. This raises the question of whether the plaintiff had the right to include in the foreclosure proceedings outstanding indebtedness on five of the six notes executed after the execution of the

loan deed, all of the proceeds of which were allocated under the terms of the notes to parcels of land within the subdivision. The right to do so was clearly given under the terms of the loan deed stating it should cover any future loans up to a stated amount, the indebtedness under the subsequent notes not being larger . than this amount. *Carrington* v. *Citizens Bank of Waynesboro*, 144 *Ga.* 52 (5) (85 S. E. 1027); *Rose City Foods* v. *Bank of Thomas County*, 207 *Ga.* 477 (62 S. E. 2d 145); *Vidalia Production Credit Assn.* v. *Durrence*, 94 *Ga. App.* 368 (94 S. E. 2d 609). Nothing in the record demands an inference, as contended, that the subsequent notes were secured by other property and that it was not the intention of the parties to have the original security in the loan deed apply to them.

■ The contention that the advertisement was not sufficient in that it failed to describe with sufficient particularity the debt or the property foreclosed on is without merit. The property description in the advertisement is the same as that in the loan deed, with the exception of certain lots expressly excepted because the plaintiff had previously released them to the defendant, as appears both from the advertisement and the testimony. The property sold under the power of sale in the security deed is that property described in the security deed, regardless of whether the indebtedness incurred through the later notes was applied to all or only a part of such property. All of the property held by the plaintiff under the deed to secure debt which had not been previously released to the defendant was advertised, and no property not so held was included. Accordingly, the advertisement was sufficient as to the property. Since it stated the amount owing it was also sufficient as to the debt.

■ The contention of the plaintiff in error that the power of sale was not fairly exercised because of the fact that the property was first advertised the day after the restraining order in the Fulton County action was dissolved is without merit. The plaintiff did give the defendant notice for the purpose of collecting attorney's fees, such notice being received about a month before the sale. The loan deed contained the provision "that in the event the note secured hereby is not paid when due, no-

tice of intention to collect attorney's fees may be sent to grantor at the same premises, and all other notice is hereby waived." Since it does not appear that the bank granted any extension of the time to the defendant to pay the indebtedness, *Carmichael v. Guenette*, 61 *Ga. App.* 460 (2) (6 S. E. 2d 365) and other cases cited have no application. The plaintiff here did not proceed with the first foreclosure proceeding for the reason that the defendant here procured a restraining order against the foreclosure; when that was dissolved it had every right, in the absence of an appeal, to exercise its right under the power of sale by immediately recommencing the proceeding, and this it did.

■ The plaintiff in error further contends, under the general grounds of its motion for a new trial, that "the court failed to find what was the true market value of this property, or that the bid equaled the true market value. This is not a compliance with Code § 37-609." The section referred to provides that "the court shall require evidence to show the true market value of the property sold under such powers, and shall not confirm the sale unless he is satisfied the property so sold brought its true market value on such foreclosure sale." The very extensive brief of evidence reveals that the major portion of the trial was taken up with opinion evidence as to market value, and that there is ample evidence to support a finding that the property did bring its true market value. The judgment entered in the case states in part: "Plaintiff and defendant introduced professional appraisers as expert witnesses and they like many other experts differed widely in the value of the property. Plaintiff in open court offered the property to defendant for the amount of plaintiff's bid. Defendant did not accept said offer nor has anyone offered to buy said property during the lengthy trial nor unto this moment." The judgment also recited that "the court is of the opinion that there is only one issue for the court to determine, and that is whether to confirm the sale or reject the sale." The judgment is supported by evidence and is not subject to exception on the ground that it did not contain a special finding that the purchase price at

the foreclosure sale did in fact represent the true market value of the property.

There was no error in denying the motion for new trial.

*Judgment affirmed. Gardner, P. J., and Carlisle, J. concur.*