33557. BOYCE v. HUGHES.

JORDAN, Justice.
The appellant-plaintiff Boyce appeals from the grant of summary judgment to the defendant-appellee Hughes.
The appellant brought a complaint seeking to enjoin

the appellee from foreclosing a security deed from the appellant to the appellee. Temporary restraining order was denied. The appellee proceeded with the sale, and bought the property for the amount owed him by the appellant, subject to a first security deed on the property. The appellant amended his complaint asserting that the sale was void, and seeking to set aside the sale and the deed made pursuant to it.

1. The appellant contends that the bidding at the sale was chilled because of the following defects in the advertisement of the sale: The advertisement stated that attorney fees would be included in the expenses to be satisfied by the sale, and such attorney fees could not be claimed since the notice sent to him was defective. The advertisement stated that interest was due for a longer period of time than it was actually due. The word "for" was omitted at the conclusion of the advertisement in the statement that Hughes was selling as attorney in fact for Boyce.

The appellee concedes that the notice that attorney fees would be claimed was defective, and that the advertisement indicated that interest was due for a longer period of time than was actually due. The attorney fees and the unearned interest were not included in the amount bid by the appellee, which amount satisfied the indebtedness.

Defects in the advertisement of foreclosure sale that will authorize the setting aside of the sale must be those which would have the effect of chilling the bidding and causing an inadequacy of price. *Croft v. Sorrell,* 151 Ga. 92, 96 (106 SE 108) (1920); *Universal &c. Enterprises v. Oldknow,* 176 Ga. 492 (2) (168 SE 239) (1932); *Giordano v. Stubbs,* 228 Ga. 75, 79 (3) (184 SE2d 165) (1971).

The appellant does not contend that there was an inadequacy of price at the sale. He argues that the bidding was chilled because the advertisement made it appear that a higher bid would be required to purchase the property and satisfy the indebtedness than was actually owed. A bidder at a foreclosure sale is not required to bid the amount of the indebtedness. Furthermore, in the present case, since the appellee bid the amount of the indebtedness, a bidder would have been required to bid

more than the indebtedness to benefit the appellant. The omission of the word "for" in the concluding statement was not misleading.

The defects in the advertisement would not authorize the setting aside of the sale and deed made pursuant to it.

2. The appellant contends that the foreclosure sale should be set aside because shortly prior to it an article appeared in the Atlanta Journal announcing the intention of the Clayton County Water Authority to acquire the property for use as a part of a sewage treatment project, and this discouraged any prospective bidders.

If the land became unattractive to prospective bidders because of this news story, this would not prevent the appellee from enforcing the appellant's obligation by foreclosure sale, since the appellee had no involvement in the proposed acquisition of the property for a governmental purpose.

3. An installment of the debt was due and unpaid at the time the appellee accelerated the indebtedness and advertised the property for sale, in accordance with the terms of the security deed. The appellant did not make a legal tender of the indebtedness owed prior to filing his complaint, nor show any legal or equitable ground why such tender should not be made. For this further reason the appellee was entitled to summary judgment. *Ga. Baptist Orphans Home v. Moon,* 192 Ga. 81 (1) (14 SE2d 590) (1941); *Dumas v. Burleigh,* 209 Ga. 241, 244 (71 SE2d 545) (1952); *Miller v. Levenson,* 212 Ga. 496 (93 SE2d 753) (1956); *Massey v. Nat. Homeowners &c. Corp.,* 225 Ga. 93, 99 (7) (165 SE2d 854) (1969).

4. The appellee moved for summary judgment on the appellant's complaint and on the appellee's counterclaim. Summary judgment was granted "in favor of the defendant against plaintiff on all issues before the court, . . ."

The appellant asserts that the summary judgment granted confirmation of the sale, as requested in the appellee's counterclaim, and that this relief was not proper because an action for confirmation under Code Ann. § 67-1503 (Ga. L. 1935, p. 381) must be brought in the county where the land is located, and this action was

not in the county where the land was located; and because the evidence is uncontradicted that the property was sold for the amount of the indebtedness and no deficiency judgment can be obtained by the appellee.

We agree that confirmation under Code Ann. § 67-1503 could not be granted in this case for the reasons stated by the appellant. We do not understand that the appellee sought the relief of confirmation under § 67-1503. We find that he sought a determination that the sale should not be set aside for the reasons urged by the appellant, and that this was the relief of confirmation granted by the summary judgment.

*Judgment affirmed. All the Justices concur.*

ARGUED MAY 9, 1978 — DECIDED MAY 23, 1978.

*Michael A. Kessler,* for appellant.
*J. Reese Franklin,* for appellee.