A91A1902. LA RONDE, LTD. et al. v. AMSOUTH BANK OF
FLORIDA.
(416 SE2d 881)

COOPER, Judge.

Appellants appeal from the trial court's confirmation of a foreclosure sale under the power of a deed to secure debt held by appellee. The sole issue before this court is whether the foreclosure sale's price was at least equal to the true market value of the property as of the date of the sale.

In 1987, appellant, La Ronde, Ltd., executed a promissory note and deed to secure debt, granting appellee a security interest in certain apartments, in connection with a loan by appellee in the principal amount of $3.1 million. Appellant, Richard Felker, a general partner of La Ronde, Ltd., executed a guaranty of payment in connection with the loan transaction. In 1990, appellants defaulted under the terms of the note, and after appellants were notified that appellee was accelerating the remaining amount due on the note, the property was advertised, as required, and sold to appellee for $2.5 million in January 1991. Appellee was the sole bidder for the property at the sale. Appellee then filed an action for confirmation pursuant to OCGA § 44-14-161.

At the evidentiary hearing, a real estate appraiser, who testified on appellee's behalf, determined that the "as is" value of the property was $2,625,000, and he testified that the value was lower than an earlier appraisal prepared in July 1990 which valued the property at $3.15 million because of the recent discovery of asbestos on the property. Appellee's vice president, John Harrison ("Harrison"), testified that in his opinion, $2.5 million represented the fair market value of the property. Harrison's opinion was based on his preparation of foreclosure bids for other properties held by appellee and his self-professed knowledge of the commercial real estate market and the value of comparable property. Harrison also testified that appellee's bid reflected a decrease in the appraised value based on $900,000 in estimated costs for the partial removal of asbestos from the property. The trial court's findings of fact indicate that the trial court also considered the purchase price contained in a sales contract entered into by appellee on May 1, 1991, four months after the foreclosure. The stated purchase price was $2.8 million, but the court allowed Harrison to explain, over objection, that the contract required appellee to deposit $350,000 into an escrow account for immediate necessary repairs to the property, and thus the net value of the contract was $2.45 mil-

lion, $50,000 less than the price paid by appellee at the foreclosure sale. The trial court held that $2.5 million represented the true and fair market value of the property based on the "significant costs associated with the containment and/or removal of the asbestos" and the "significant effect the presence of asbestos would have on the market value of the Property." The court also found that the value of the property, as reflected in the May 1, 1991 sales contract, demonstrated that the appellee's bid amount was reasonable and constituted the true market value of the property.

1. In their first two enumerations of error, appellants contend appellee failed to present evidence upon which the trial court could find the property sold for at least its true market value and the trial court erred in considering the May 1, 1991 contract price as evidence of the value of the property on the date of the foreclosure. Appellants point to their own appraisal which valued the property at $2.7 million and argue that appellee offered no evidence to support a value less than appellee's appraised value of $2.65 million, which was rendered after taking into account the impact of asbestos on the value of the property. However, a review of the appraiser's testimony reveals that his value reflects the risks associated with the uncertainty of operating the property with asbestos and does not take into account the cost of removing asbestos.

" ' "In confirmation proceedings, the (superior court) sits as a trier of fact, and (its) findings and conclusions have the effect of a jury verdict. (It) hears the evidence and (its) findings based upon conflicting evidence should not be disturbed by a reviewing court if there is any evidence to support them. (Cits.) What value is, or may have been, is a question of fact to be resolved as others are. In so doing, the superior court is the judge of the credibility of the witnesses and of the weight to be given the evidence. (Cits.)" (Cits.)' [Cit.] 'Although (appellants present) a serious challenge to the means by which [Harrison] arrived at his opinion as to value, [Harrison] provided the court with the basis for his opinions. (As) it appears that his opinion (was) not based on sheer speculation, an appellate court cannot second guess any methodology utilized to reach the opinion. (Cits.)' [Cit.] [Even assuming error in the admission of testimony concerning the May 1, 1991 sales contract,] '[t]he superior court . . . had sufficient data in evidence upon which (it) could apply (its) own knowledge and ideas so as to derive (its) own opinion as to the market value of the [property] at the time of the sale.' [Cit.]" *Armstrong v. Cal. Fed. &c. Assn.*, 192 Ga. App. 508, 509 (2) (385 SE2d 113) (1989).

2. Appellants also enumerate as error the trial court's grant of appellee's motion in limine which excluded evidence regarding the value of the property based on the assumption that the property would be rezoned in the future to a classification different from its

zoning on the date of the foreclosure sale. Such evidence is not probative of the value of the property *at the time of the sale* and would represent the *"speculative* market value at some indefinite time in the future." *Smith v. Andrews,* 139 Ga. App. 380, 381 (228 SE2d 320) (1976). Thus, the trial court did not err in excluding the evidence.

*Judgment affirmed. Birdsong, P. J., and Pope, J., concur.*

DECIDED MARCH 17, 1992.

*Glass, McCullough, Sherrill & Harrold, R. Philip Shinall III,* for appellants.

*Paul, Hastings, Janofsky & Walker, Ronald T. Coleman, Jr., John G. Parker,* for appellee.