A11A0365. DAN WOODLEY COMMUNITIES, INC. et al.
v. SUNTRUST BANK.
(714 SE2d 145)

SMITH, Presiding Judge.

Dan Woodley and Dan Woodley Communities, Inc. ("Woodley") appeal from the superior court's confirmation of a foreclosure sale of a condominium development, contending an error in the advertisement of the sale requires reversal. This case is directly controlled by our earlier decision in *Southeast Timberlands v. Security Nat. Bank*, 220 Ga. App. 359 (469 SE2d 454) (1996), in which the debtor similarly sought to invalidate a confirmation due to an error in the advertisement; we therefore find no error and affirm.

In its sole enumeration of error, Woodley contends the foreclosure should not have been confirmed because, while the advertisement contained the correct legal description of the entire property foreclosed upon, it did not note that six or possibly seven condominium units were sold by Woodley before foreclosure. From this, Woodley contends that the legal description in the advertisement was legally deficient and the confirmation must therefore be invalidated. This is incorrect for two reasons.

OCGA § 44-14-162 (a) states that a foreclosure sale is not valid "unless the sale shall be advertised and conducted at the time and place and in the usual manner of the sheriff's sales in the county in which such real estate or a part thereof is located." OCGA § 9-13-140 (a), governing judicial sales, requires that the advertisement include "a full and complete description of the property to be sold, making known the names of the plaintiff, the defendant, and any person who may be in the possession of the property. In the case of real property, such advertisement shall include the legal description of such real property. . . ." OCGA § 44-14-162 (a) additionally provides that, if any transfer or conveyance to a new owner and assumption by the new owner of the debt has occurred, the advertisement "should also include a recital of the fact," but also provides: "Failure to include such a recital in the advertisement, however, shall not invalidate an otherwise valid foreclosure sale." There is "no legal requirement" that other deeds affecting the property be included in the advertisement. *Scroggins v. Harper*, 138 Ga. App. 783, 785 (2) (227 SE2d 513) (1976) (first priority security deed not in advertisement but announced at sale).

The legal description here, correct in itself, gave both the metes and bounds and the book and page number of the plat showing the property, and it included the notation that it was sold "subject to the following items which may affect the title to said property," including liens, special assessments, "all restrictive covenants, easements, rights of way and any other matters of record superior to said Security Deed." And, as counsel noted, because the advertisement must run for four weeks, OCGA § 9-13-140 (a), it cannot account for very recent sales of individual condominium units, although none were shown here. The excepted units were identified on the courthouse steps at the time of the sale. Counsel testified that it was his practice, as he did in this case, to reiterate at the cry of the sale that the property was "as advertised less and excepting any matters of record."

Second, and more importantly, this case is controlled by our decision in *Southeast Timberlands*, supra:

> If a foreclosure advertisement is not defective as a matter of law, defects in it will prevent confirmation only if the factfinder determines those defects "chilled" bidding and caused an inadequate selling price. A primary object of the advertisement is to attract buyers who will compete against one another so as to yield the highest price; its contents are important to the process. Thus, errors that would not confuse the bidding intentions of any potential bidder of sufficient mental capacity to enter a binding contract for the sale of the real property do not show a chilling of the sale so that a fair market value bid was not obtained.

(Citations and punctuation omitted.) 220 Ga. App. at 360 (2).

Here, as in *Southeast Timberlands*, Woodley does not challenge the trial court's "determination that the property brought fair market value," id., but argues that the improper advertisement "chilled bidding by making it appear a higher bid would be needed to purchase the property." Id. We rejected that argument in *Southeast Timberlands* with respect to an overstatement of the debt owed, noting that the debtor might as easily argue the opposite,[1] and "[i]n such circumstances, the factfinder is charged with determining whether language in the foreclosure advertisement chilled bidding.

---

[1] In fact, Woodley demonstrates this by citing *Norwood Realty Co. v. First Fed. &c. Assn.*, 99 Ga. App. 692, 695 (3) (109 SE2d 844) (1959), in which a debtor contended an advertisement was defective because it *excluded* lots in a subdivision that had been sold between the execution of the deed to secure debt and the foreclosure. We concluded, however, that the advertisement remained sufficient. Id.

[Cit.]'' Id. at 361 (2). We went on to state:

> Timberlands does not challenge the notice of sale it received, or the bank's compliance with the procedures for judicial sales; it only asserts that improper information contained in the required advertisement made the sale defective. Considering the main purpose of the advertisement, as stated earlier, we recognize that many extraneous factors may influence bidders. This Court cannot create an ironclad form of advertisement to the public, not subject to challenge, any better than the legislature can. Consequently, we have consistently held that once the trial court determines the advertisement matches the legal requirements of OCGA § 9-13-140, any additions to or omissions from the notice are simply factors in the key determination whether the property was sold fairly for an adequate price. This process ensures the power of sale was exercised fairly.

(Citations and punctuation omitted.) Id. Here, the trial court specifically found that the advertisement "conformed to Georgia law" and that the property brought its fair market value. Even though it did not expressly address the "chilling" issue, such a finding was implicit in its conclusion that the property brought its fair market value. In *Southeast Timberlands*, the trial court made no findings of fact at all and merely confirmed the sale, but we still concluded:

> Although the summary nature of the court's order impedes our review, the responsibility for assuring a detailed order rests with Timberlands, which failed to request it either before or after the ruling was made. . . . In the absence of any indication to the contrary, we conclude the trial court determined these alleged defects did not chill the bidding or result in an inadequate price for the foreclosed property.

(Citations omitted.) Id. at 361-362 (3).

> While it would have been the better practice for the facts concerning [other deeds] to have been shown in the advertisement, there is no legal requirement that this be done and when it is not done, it becomes a question of fact whether it affected a fair exercise of the power and caused chilling of the sales price. [Cit.]

*Scroggins v. Harper*, supra, 138 Ga. App. at 785 (2). Because Woodley did not contest the issue of fair market value, the trial court's

determination of this question is binding. See *Atreus Communities of America v. KeyBank Nat. Assn.*, 307 Ga. App. 716, 717 (706 SE2d 107) (2011) (judge in confirmation hearing sits as trier of fact and judges witness credibility and weight of evidence; this court will not disturb confirmation if any evidence supports decision).

For these reasons, the trial court did not err in confirming the foreclosure sale, and we therefore affirm.

*Judgment affirmed. Mikell and Dillard, JJ., concur.*

DECIDED JULY 7, 2011.

McGahren, Gaskill & York, Don G. Gaskill, Jr., for appellants.
Busch, Slipakoff & Schuh, Mathew A. Schuh, Michael P. Bain, for appellee.